## DRAKE v. VORSE.

1. **Former Adjudication:** CONTRACT: BREACH. A contract stipulated that D should furnish V certain castings, upon patterns provided by the latter, during the year 1873; on May 14 of that year, V commenced an action of replevin against D, wherein it was determined that D was entitled to the possession of the patterns: *Held*, that this judgment could not be pleaded in a subsequent action as determining that performance of the contract was *res adjudicata*.

*Appeal from Polk Circuit Court.*

WEDNESDAY, APRIL 5.

On the 15th day of January, 1873, the plaintiff, Mrs. P. E. Drake, entered into a contract with the defendant, Vorse, whereby she agreed to manufacture for him all the school seat castings that he should want *during the year* 1873, Vorse furnishing the patterns. On the 14th day of May, 1873, he brought a suit in replevin against Mrs. Drake to recover the patterns and damages for their detention, alleging as the ground of his right to recover the patterns that Mrs. Drake had failed to furnish castings in accordance with the contract.

Mrs. Drake took issue with the plaintiff upon that allegation, as well as upon all other allegations of the petition. Judgment was rendered for the defendant as to the right to the possession of the patterns. The present suit is brought by Mrs. Drake to recover for castings. Vorse files a counterclaim for damages alleged to have been sustained by breach of the contract. To this she replied that the question as to whether she had broken the contract was put in issue in the replevin suit and decided in her favor. The case was submitted upon the record in the replevin suit as to the question of prior adjudication, other issues being reserved. Upon this question the court below held with the plaintiff. Defendant appeals.

*Phillips, Goode & Phillips*, for appellant.

*Jas. Embree*, for appellee.

A man shall not be twice vexed for the same cause, and the former judgment is evidence though the form of the action in the second cause is different, if the cause is the same. (*Whitaker v. Johnson Co.*, 12 Iowa 597.) Where, upon issue joined, the court determines the whole controversy, such adjudication is conclusive as to all the issues therein determined. (*Adams v. Anderson*, 17 Iowa, 158.) A party cannot litigate a question which he might have interposed, but failed to, in a prior action between the same parties or their privies. (*Dewey v. Peck*, 33 Iowa, 242; *Hackworth v. Zollars*, 30 Id., 433; *Dalter v. Lane & Guye*, 13 Id., 538.) If a party puts any matter in issue by his pleadings and fails to withdraw or dismiss that portion of the pleading pertaining to it, this will entitle the defendant to judicial immunity from another action therefor, although the record may show that no evidence was offered with respect thereto and that it was not considered by the court. (*Schmidt v. Zahensdorf*, 30 Iowa, 498.)

ADAMS, J.—In the suit in replevin the alleged right to recover the patterns was based upon an allegation that the defendant had broken the contract whereby she acquired

possession of the patterns, and that the breach consisted in not furnishing the castings according to the contract. As Vorse failed to recover the patterns in his suit in replevin, it is claimed by Mrs. Drake that the question as to whether she had broken her contract was there adjudicated, and that Vorse in his counter-claim in the present suit is seeking to recover for the same cause of action. Such was the view of the court below. Without stopping to determine whether, in case Mrs. Drake had broken her contract as alleged in the petition in replevin, it would follow that Vorse was entitled to the patterns, we may observe that the petition in replevin was filed May 14, 1873. The contract bound Mrs. Drake to furnish all the castings which Vorse should want during the year 1873. The most that could be claimed by Mrs. Drake in regard to the adjudication in the replevin suit is, that it was adjudicated in said suit that she had not broken her contract prior to the time when that suit was commenced.

REVERSED.