Robertson *et al. v.* Robertson *et al.*

No. 13,795.

ROBERTSON ET AL. *v.* ROBERTSON ET AL.

WILL.— *Widow.—Life Estate.—Limited Power of Disposition.—Trust Estate.— Accounting Among Heirs.—Descent.*—A testator devised all of his real and personal property to his wife for life, with remainder over to his children, share and share alike. The widow was given power, as executrix, to sell any or all of the property to pay debts or to make advancements, and it was provided that whatever of the estate remained in her hands at her death should be equally divided among the testator's children, taking advancements into consideration. The widow sold part of the estate and loaned of the proceeds a large sum to two of the sons, they agreeing to account to the other children at her death. These sons also came into possession of other property belonging to the estate. The widow died, never having qualified as executrix, and no letters of administration were ever issued on the testator's estate.

*Held,* that as the widow had a power of disposition only for defined purposes and as executrix, the part of the estate which was not applied to such purposes, constituted, aside from rents and profits and interest and income, a trust fund for the benefit of all the children, and an action will lie by the other children against the sons to enforce an accounting.

*Held,* also, it appearing that there are no debts, that the account between the heirs may be adjusted by a court of equity without the intervention of an administrator.

*Held,* also, that as, by the terms of the will, the children were given the same interest in the testator's property that they would have taken without the will, they are considered as taking by descent.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan* and *J. P. Baker,* for appellants.

*W. P. Rogers* and *J. E. Henley,* for appellees.

MITCHELL, J.—This suit has arisen out of a controversy between the heirs of James D. Robertson, who died testate on the 8th day of April, 1867, leaving his widow, Mary A. Robertson, and seven children surviving.

The testator devised and bequeathed to his widow all his real and personal property, to be held and enjoyed by her

during the period of her natural life, with remainder over to his children, share and share alike. The widow was appointed executrix of the will, with power, in case it became necessary to pay debts, or to make advancements to any of the children, to sell any or all of the real or personal estate at private sale, or in such manner and upon such terms of credit as she might think proper, and to execute conveyances to the purchasers in fee simple. The will provided that whatever real or personal estate remained in the hands of the widow at her death should be equally divided, share and share alike, among the testator's children then living, and the descendants of such as were then dead, taking into consideration all advancements made by the testator or by his widow. The widow elected to take under the will, and it is alleged that she advanced various sums to the children respectively. It also appears that she sold a large part of the estate, and loaned of the proceeds sums amounting to five thousand dollars to two of the sons, Charles T. and Walter Robertson, which they agreed should be accounted for to the other children at her death, and that, during the lifetime of their mother, and since, the sons above named came into possession of property and money belonging to the estate, of the value of five thousand dollars, in addition to the amount loaned them, which it is alleged they still retain. It is alleged that during the lifetime of their mother, Charles T. and Walter sold and carried away from the real estate devised by the testator large quantities of stone and timber, said to be of the value of three thousand dollars, the proceeds of which they retain, and that after the death of their mother they entered upon the real estate remaining unsold and appropriated the rents and profits.

It appears that the widow died in 1885, never having qualified as executrix, and that no letters of administration ever issued upon the testator's estate. The debts had all been paid. Three of the children died after the death of the testator and during the lifetime of the widow. This action was

brought by the surviving brothers and sisters, and the descendants of those who have died, against Charles T. and Walter Robertson, to compel them to account for the property received by them, which it is alleged they hold in trust for the plaintiffs. The court sustained a demurrer to the complaint.

The will vested in the widow an estate for life in her own right, in all the real and personal estate of the testator, with the power as executrix to sell the whole or any part thereof, in either of two contingencies: 1. She had power to sell and convey in the event it became necessary to do so in order to pay debts; or, 2. In case she saw fit, in her discretion, to make advancements to the testator's children.

The widow had no general unlimited power of disposition, as devisee or legatee. Whatever power was committed to her in that respect was given her as executrix of the will, for defined purposes, and the case is not therefore influenced by the rule which obtains where a devise or bequest is made to one for life, coupled with a general unlimited power of disposition.

Where the devisee of a life-estate has an unqualified right to sell, with the power of spending the proceeds at pleasure in his lifetime, or of disposing of it by will, there is obviously no ascertained part upon which a trust can attach, and the power to sell is construed, in the absence of a bequest over, as indicating an intention on the part of the testator to create an absolute estate in fee. *Tower* v. *Hartford*, 115 Ind. 186; *Van Gorder* v. *Smith*, 99 Ind. 404. Even though there be a devise over, an absolute power of disposition may create an absolute estate in the first taker, if the power of disposition is plainly inconsistent with the purpose to create an estate for life. The power of disposition in the present case having been conferred upon the widow in her character as executrix, and in order to enable her to accomplish certain purposes, having no relation to her own benefit, her estate was not enlarged by the power so as to make it absolute. By

the terms of the will the widow was entitled to the rents and profits of the real estate, and to the use, interest, and income from the personal estate during her natural life. These were at her disposal absolutely during her lifetime, and what remained in her hands, if derived from the sources above, at her death became part of her estate, to be disposed of according to law.

If she sold any property derived from the estate, the proceeds remaining, after paying the debts of the testator, and making advancements to his children, constituted a trust fund for the benefit of the latter. *Anderson* v. *Crist*, 113 Ind. 65, and cases cited; *Beshore* v. *Lytle*, 114 Ind. 8.

The children of the testator took by inheritance or descent from their father, because by the terms of the will they were given precisely the same interest and estate in his real and personal property as they would have taken if the particular devise or bequest to them had been entirely omitted from the will.

The rule is that if without the devise or bequest the heir would take exactly the same estate or interest which the will purports to give him, he is to be considered as having taken by descent, and not by purchase or under the will. *Stilwell* v. *Knapper*, 69 Ind. 558.

A mere alteration as to the time of the heir coming to the estate does not create such a difference in point of estate as to prevent him from taking by descent. *Scott* v. *Scott*, 1 Eden, 458; *Davidson* v. *Koehler*, 76 Ind. 398.

Whatever interest or estate the widow took in the remainder over, she took in trust for certain purposes, and whatever remained at her death, aside from what accrued from rents and profits, or interest and income, and what she may have inherited from the children who died during her widowhood, constituted a trust fund, which the law cast upon all the testator's heirs, share and share alike. It follows that so far as the defendants were in possession of the trust estate, or were indebted to the fund, they were subject to be

called to account by the other heirs. The complaint shows that they had borrowed from their mother five thousand dollars, the proceeds of sales made of property held in trust by her, which they agreed to account for to the other heirs at her death, and that other funds belonging to the trust had come to their possession, which they retain. It appears that there are no debts, and that the entire account between the heirs may be adjusted upon equitable terms by a court of equity. It is settled that where there are no debts, and nothing besides to be done, the account may be adjusted between the heirs without the expense of an administrator. *Salter* v. *Salter*, 98 Ind. 522, and cases cited ; *Gale* v. *Corey*, 112 Ind. 39, and cases cited.

The complaint states facts sufficient to constitute a cause of action for an accounting in relation to the matters pertaining to the trust, and it was error to sustain the demurrer to the complaint.

The judgment is reversed, with costs.

Filed Oct. 15, 1889.