## WHEELER ET AL. v. LOESCH ET AL.

### [No. 7,514.   Filed October 17, 1912.]

1. DEEDS.—*Construction.—Wills.*—Where it appears from an instrument having the formalities of a deed, that the maker intended to convey an estate, to vest upon the execution of the paper, such instrument will be construed to operate as a deed; but if it appears that the estate is reserved to the grantor during his life, and that the instrument is to take effect only on his death, it will be construed to be testamentary in character.   p. 264.

2. DEEDS.—*Validity.—Postponement of Possession of Property Conveyed.*—A deed may be valid, although it withholds possession from the grantee until the death of the grantor.   p. 265.

3. DEEDS.—*Delivery.—Escrow.—Wills.*—Where a deed is executed and delivered to a third person to be kept until the grantor's death, and has passed out of the grantor's dominion and beyond his power of recall, it is not a testamentary disposition of property, since such delivery operates to pass the title to the grantee. p. 265.

4. WILLS.— *Concurrent Deeds.— Execution.*— Where a will and deeds are executed at the same time, any necessity for looking to all the instruments in ascertaining the testator's intention, will not alone make them a part of the will.   p. 265.

5. WILLS.—*Contest.—Complaint.—Reference to Concurrent Deeds.* —Where, on the same day, prior to the execution of his will, a testator executed deeds showing his intention to convey a present title and delivered them to a bank to be held for delivery to the grantees at his death, without any provision for their recall by him, title to the property described was thereby passed to the grantees, and, although mentioned in the will, such deeds were not a part of that instrument, so that, in an action to contest such will, all reference to such deeds was properly stricken from the complaint.   p. 265.

6. WILLS.—*Validity.—Disposition of Estate Same as Provided by Statute.—Contest.*—Where a will makes no other disposition of property than the law would make, the devisees will take under the statute of descents, and the will is a mere nullity and not subject to contest.   p. 266.

From Perry Circuit Court; *C. W. Cook,* Judge.

Action by Christina Wheeler and others against Peter Loesch and others.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*

*John W. Ewing,* and *William H. Roose,* for appellants.
*Wm. M. Waldschmidt* and *Stotsenburg & Weathers,* for
appellees.

IBACH, J.—Appellants brought this action against ap-
pellees to contest the will of Jacob Loesch. Four para-
graphs of complaint, each substantially in the form permit-
ted by §3154 Burns 1908, §2596 R. S. 1881, were filed, the
first of which was withdrawn. It is averred in the remain-
ing paragraphs of complaint that at the same time the will
was executed, and as a part of the same transaction, two
deeds were executed, which purported to convey certain de-
scribed lands to John and Peter Loesch. The theory of the
complaint is that these deeds, to which the will makes refer-
ence, became a part thereof by the doctrine of the incorpo-
ration of extrinsic documents into a will, and should be con-
sidered therewith as parts of the same testamentary disposi-
tion of property. The court, on motion, struck out from the
several paragraphs of complaint the allegations by which
appellants sought to have the deeds considered as a part
of the will, and revoked. This ruling of the court is as-
signed as error. To the complaint as it then stood the court
sustained a demurrer for want of facts. This ruling is also
assigned as error.

The will attached to each paragraph of complaint is in
the following words, omitting the formal parts:

"Item 1. I have this day deeded to my son Peter
Loesch, the 23¾ acre tract of land known as our home
place, and to my son John Loesch, the 17 acre tract
which I bought of Amelia Hyde, the consideration of
said deeds being that said Peter and John Loesch shall
keep and care for me until my death, and pay the ex-
pense of my last illness and burial, said deeds are de-
livered to Cannelton State Bank to be held by it .and
delivered to the grantees therein named after my death.
"Item 2. The remainder of my property, of which I
may die the owner, excepting the two tracts of land
deeded as stated above, I devise and bequeath, one fifth
to my son John Loesch, one fifth to my son Peter Loesch,

one fifth to Christina Wheeler, my daughter, one fifth to the children of my daughter, Anna Hyde, deceased, and one fifth to Mary L. Polk, deceased''

In each of the deeds referred to, Jacob Loesch ''conveys and warrants'' to the grantee, for $1 and other consideration, certain described lands. It is set out as the further consideration that the grantee and his brother shall care for the grantor during his lifetime, and pay the expenses of his last illness and burial, and it is then set forth that ''this deed shall be delivered by the Cannelton State Bank, who shall hold it until the death of the grantor, to the grantee after the death of the grantor.''

In this action nothing could be tried save the validity of the will, and the validity of the execution of the deeds could not be questioned, unless they must be considered as a part of the will. If these deeds, at the time of their execution and delivery to the bank, passed title to the land described to the sons John and Peter, such lands are no part of the estate, reference to the deeds in the complaint was immaterial, and the averments were properly stricken out, for in such case the deeds formed no part of the will. If the deeds were merely a part of a testamentary disposition of property, and did not pass title at the time of execution and delivery to the Cannelton State Bank, they must be considered as a part of the will, and the court erred in striking from the complaint the averments relating to the deeds.

''An instrument, having otherwise the formalities of a deed, will be construed to operate as a deed, whenever it appears therefrom that it was the intent of the maker

1. to convey any estate or interest whatever, to vest upon the execution of the paper. If, however, it appears that all the estate which it was the purpose to convey was reserved to the grantor during his life, and the deed was only to take effect upon the death of the grantor, it will be construed to be testamentary in its character.'' *Spencer*

v. *Robbins* (1886), 106 Ind. 580, 584, 5 N. E. 726.  A

2.   deed may be valid and yet withhold possession from
the grantee until the death of the grantor.  If an
instrument passes present title, but postpones enjoyment
of the estate until the grantor's death, it is a deed; if both
title and enjoyment are postponed, it is a will.  *Stroup* v.
*Stroup* (1895), 140 Ind. 179, 187, 39 N. E. 864, 27 L. R. A.
523; *Wilson* v. *Carrico* (1895), 140 Ind. 533, 40 N. E. 50,
49 Am. St. 213; *Emmons* v. *Harding* (1904), 162 Ind. 154,
70 N. E. 142, 1 Ann. Cas. 864; *Tansel* v. *Smith* (1912), 49
Ind. App. 263, 93 N. E. 548, 94 N. E. 890.

Where a deed is executed and delivered to some third
party to be kept until the grantor's death, and the deed
has passed out of the grantor's dominion and beyond

3.   his power of recall, it is not a testamentary disposi-
tion of property, but the law considers that title
passes to the grantee when the instrument is delivered to
the third person, and delivery to such third person is, for
the purpose of passing title, equivalent to delivery to the
grantee.  *St. Clair* v. *Marquell* (1903), 161 Ind. 56, 67 N.
E. 693; *Stout* v. *Rayl* (1896), 146 Ind. 379, 45 N. E. 515;
*Owen* v. *Williams* (1888), 114 Ind. 179, 15 N. E. 678; *Cates*
v. *Cates* (1893), 135 Ind. 272, 34 N. E. 957.  See, also, cases
cited above.

Where a will and deeds are executed at the same time, it
may be requisite to look at all the instruments in order to
ascertain the testator's intention, but this alone will

4.   not prevent the deeds from passing title to the prop-
erty described therein, or make them a part of the
will.  *Copeland* v. *Summers* (1894), 138 Ind. 219, 35 N. E.
514, 37 N. E. 971.

In the case before us, the deeds were executed prior to
the execution of the will, on the same day.  An inten-

5.   tion to convey present title is shown by the use of the
words ''conveys and warrants'' in the deeds.  The de-

livery of the deeds to the Cannelton State Bank to hold until the grantor's death, and then deliver to the grantees, passes dominion out of the grantor's hands, since no provision is made for their recall, and is a sufficient delivery to pass title to the grantees. Therefore, title vested in the grantees at the time of the delivery to the bank, and the deeds were valid as such, and were not a part of the will, though mentioned in it. The court properly sustained the motion to strike out from the complaint reference to these deeds.

Appellants have cited the case of *Mortgage Trust Co.* v. *Moore* (1898), 150 Ind. 465, 50 N. E. 72, but in that case it was not claimed that the deed which was held a part of the will had ever been out of the grantor's possession. In the case of *Jones* v. *Loveless* (1885), 99 Ind. 317, also cited, the court held that, under the circumstances, the deed had never passed out of the grantor's dominion, so that neither case is authority, where the deed has been delivered out of the grantor's dominion.

There yet remains the consideration of the court's action in sustaining the demurrers to the different paragraphs of complaint. This was in form an ordinary complaint under the statute to contest a will. Since, as we have seen, the testator had parted with his title ·to the property described in the deeds, his will merely devised the property which he owned at his death, in the proportions in which it would descend at law; that is, in equal proportions to the living children and the heirs of the deceased children, the heirs of each deceased child taking the part which the parent would have taken if alive. A devise in a will, that gives the same estate which the devisee would take under the statute of descents, is a nullity, and the devisee takes as an heir, by descent, and not under the will. So a will which makes no other disposition of property than the law would make is a nullity, and not subject to contest. *Davidson* v.

*Koehler* (1881), 76 Ind. 398. The demurrers were properly sustained.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 502. See, also, under (1) 13 Cyc. 521; (2, 3) 13 Cyc. 569; (4) 40 Cyc. 1085. As to the essential characteristics of a will, as distinguished from those of a deed, see 89 Am. St. 487, 494. As to acceptance and intent as determining facts on the question of delivery of a deed, see 53 Am. St. 544. As to anomalous writings having aspects of both a will and a deed, see 89 Am. St. 497. As to provision for a wife by testament with what she would have been entitled to without it, see 33 Am. Rep. 420. When deed will be deemed testamentary in character, see 1 L. R. A. (N. S.) 315.