## McIlvaine, et al. v. Robson, et al.

(Decided December 15, 1914.)

### Appeal from Campbell Circuit Court.

1. Wills—Construction—Advancements.—A will must be construed as a whole, and where advancements of a certain sum are directed to be charged to a son in the final settlement of the estate, it will not be concluded that the son is excluded from all interest in the estate because he is excluded from the distribution to be made by the executor one year after the death of the testator, there being other property which the testator did not contemplate should be brought into this distribution.

2. Wills—Construction.—Where the testator devises property to a son and wife for life, directing that at their death it should revert to his heirs, the heirs take as though there had been no will and each of the children in the distribution of the proceeds of this property after the death of the life tenants, must be charged with all advancements they have received.

WM. MART MILLER and IRVIN C. ZITT for appellants.

FRANK V. BENTON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

In the year 1899 George W. Robson, Sr., a resident of Campbell county, Kentucky, died, leaving a will, which was duly probated in the Campbell County Court on March 3, 1899. In Section one of his original will, which is dated April 10, 1889, he directed that his debts be paid. In section two he devised to his grandson, Robson S. Moore, $5,000 and also an interest in certain mines in Colorado, providing that "this item gives to the said Robson S. Moore the entire portion intended to be given him out of my estate in any event." In section three he directed that his estate should remain in the hands of his executors and undistributed for the period of one year after his death, after which time all that remained should be equally divided among his eight children, in-

cluding William H. Robson, and held by them and their heirs in fee simple forever. In section four he sets forth the advancements which should be charged to his eight children. In this section William H. Robson is charged with $5,200 and with a certain house and lot in Bellevue as provided in section five. Section five is as follows:

"I devise to my son, Wm. H. Robson, and to his wife, Martha A. Robson, during their natural lives the house and lots in the town of Bellevue, County of Campbell, State of Kentucky, on which they now reside, being two lots binding on Ross and Lake Avenue and Robson Alley, being 50 feet by 210 feet; the value of this interest in said house and lots to be charged as an additional advancement to the said Wm. H. Robson and as estimated at the time of final settlement."

By section six the testator provided for a monument, and by section seven he appointed his sons, George W. and Wm. H. Robson, as executors.

By section one of the first codicil he changed the amount of the advancements to his son George. Section two is as follows:

"The clause in the 4th section of my will charging my son Wm. H. Robson for advancements with $5,200 remains as stated in said section, subject, however, to a credit of $1,000.00 for services rendered by him in the collections of rents and attending to repairs of property, for which service he is entitled to $200.00 per year for 5 years or $1,000.00. The additional charge in said 4th section is revoked as to advancements for money stated in next section."

Section three is as follows:

"My son, Wm. H. Robson, has not been able to pay for the house and lots in the town of Bellevue described in the 5th section of my will, as contemplated at the time of the making of the will, but I have paid for them about $9,500.00, and thereby revoke the said 5th section and the devise therein of the said properties to said W. H. Robson and wife, and the said properties remain as part of my estate, subject, however, to the right of said W. H. Robson to purchase the same at $9,500.00 at any time before the final settlement of my estate."

By section four he revoked the seventh section of the original will, and appointed George W. Robson, Jr., and Samuel W. Hill executors.

In section one of the second codicil he made a change in the amount of advancements to his daughter, Ida M. Hill. Section two is as follows:

"So much of section 4 of my will as charges advancements to my son W. H. Robson and section 5 of my will making a devise to W. H. Robson and his wife, Martha A. Robson, and sections 2 and 3 of my first codicil, are all hereby revoked, and in lieu of all these the next succeeding section of this codicil will constitute fully my entire will in reference to my said son and his wife under said section."

Section three is as follows:

"I hereby devise to my son, W. H. Robson, and his wife, Martha A. Robson, during their natural lives, the house and lots in the town of Bellevue, County of Campbell, and State of Kentucky, on which they now reside, being two lots binding on Ross and Lake Avenues and Robson Alley, each lot being 50 feet by 210 feet, and after the death of said W. H. Robson and of the said Martha A. Robson, the said property to my heirs to revert, the taxes and improvements and insurance to be paid and kept up by the said W. H. and Martha A. Robson, the said W. H. Robson, in the final settlement of my estate, is to be charged as for advancements made by me to him with the sum of $5,200, subject, however, to a credit of $1,000 for services rendered by him in the collection of rents and in attending to repairs of property, for which service he is entitled to $200 per year for 5 years or $1,000.

"This 3rd section of this codicil makes all the provision intended to be given to my son W. H. Robson and the 3rd section of my original will first named to the effect that what remains of my estate in the hands of my executors undistributed for the period of one year after my death shall be divided and distributed as equally as may be among my children so far as it applies to my said son Wm. H. Robson is hereby revoked."

The testator's son, W. H. Robson, is now dead; Lulu McIlvaine, a daughter, and Martha A. Troxell, a granddaughter, are his only heirs at law. His widow, Martha A. Robson, who is now 85 years of age, has conveyed her life interest to the testator's children, Emma J. Gaddis and Ida M. Hills.

This action was brought by Harry W. Robson and others, grandchildren and children of the testator, against Mildred Gregor and others, also children and

grandchildren of the testator, for the purpose of selling the house and lots in Bellevue devised to William H. Robson and wife for life, on the ground that plaintiffs and defendants are the joint owners thereof, and in possession, and that the property cannot be divided without materially impairing its value. To this action Lulu McIlvaine and Martha A. Troxell were made parties. They answered and asserted an interest in the property in question under and by virtue of section three of the testator's second codicil. On final hearing the chancellor adjudged that they took no interest in the property. From that judgment they appeal.

It will be observed that, by the original will, W. H. Robson was to be charged with $5,200.00, also the value of the life estate in the lots devised for life to him and his wife in the distribution to be made by the executor a year after the testator's death. It will also be observed that by the first codicil the charge of $5,200.00 is reduced to $4,200.00 and the devise of the land to him and his wife is revoked, he being given the right to purchase the property at $9,500.00 at any time before the final settlement of the estate. If no other change had been made, W. H. Robson, under the will as it then stood, would have been chargeable with an advancement of $4,200.00, and subject to this would have received an equal share with the other children in the distribution of the estate by the executor one year after the testator's death; and he would have had the right to purchase the property referred to at $9,500.00 at any time before the final settlement of the estate. This being the condition of things, what was the purpose of the testator as to W. H. Robson in adding the second codicil? In the first place, in it he revokes so much of section 4 of the will as charges advancements to him; also section 5 of the will devising him and his wife the lots for life, as well as the second and third sections of the first codicil relating to these matters. He then devises the realty to W. H. Robson and wife for life as before, but adding that "the said property at their death to my heirs to revert, the taxes and improvements and insurance to be paid and kept up by said W. H. Robson and Martha A. Robson, the said W. H. Robson in the final settlement of my estate to be charged as for advancements made by me to him with the sum of $5,200.00, subject, however, to a credit of $1,000.00 for services rendered by him in the collection of rents and in attend-

ing to repairs of property, for which service he is entitled to $200.00 per year for 5 years, or $1,000.00.''

If the codicil had stopped here, it is clear that W. H. Robson would have come in for his equal share in the distribution of the estate by the executor one year after the death of the testator, subject to a charge of $4,200.00 against him for advancements. But the testator added these words:

"This 3rd section of this codicil makes all the provision intended to be given to my son W. H. Robson; and the 3rd section of my original will first named to the effect that what remains of my estate in the hands of my executors undistributed for the period of one year after my death shall be divided and distributed as equally as may be among my children so far as it applies to my said son Wm. H. Robson is hereby revoked.''

It is insisted for the appellees that this means that W. H. Robson was to get nothing out of the estate except the life estate devised to him and his wife in the house and lots referred to. But if this is the meaning, the preceding clause of the codicil, fixing the amount to be charged W. H. Robson for advancements and reducing the amounts previously charged to him, is meaningless; for, if he was to get nothing under the will, there would be nothing to charge advancements to. And the rule is that some effect if possible must be given all the provisions of the will.

While it is true that the cardinal rule of construction of wills is to arrive at the intention of the testator, yet, in seeking this intention, we must construe the will in the light of the uniform rules of interpretation adopted by the courts. Bradshaw v. Butler, 110 S. W., 412. Among these rules of construction are the following: An heir at law will not be disinherited except by express words in the will or necessary implication arising therefrom. 40 Cyc., 1498; Emmon v. Atchison, 13 Ky. L. R., 142; In re Sigel, 213 Pa. St. 14, 1 L. R. A. (N. S.), 397. The common law prevails in this State, and, by that law, if a man seized of an estate, limited it to one for life, remainder to his right heirs, they would take, not as remaindermen, but as reversioners, and the reversion being the same estate that the reversioners would take if there were no will, the will itself is not effectual, and consequently the heirs take the estate, not under the will, but by operation of law as heirs at law. Alexander v. D'Kermel, 81 Ky., 345. Here, if the

property in question had been devised to William H. Robson and wife for life, without any provision as to the remainder, it would have gone to all the testator's heirs. Hence, the heirs in this case take the same estate as they would have taken had there been no will.

The testator's heirs took at his death the remainder in the property referred to subject to the life estate of W. H. Robson and wife. The estate being vested, W. H. Robson took an equal share with the other children unless he was excluded by some provision of the will, and the interest which he took at his father's death, passed at his death to his heirs at law. (Weil v. King, 104 S. W., 381.)

So the question recurs, was W. H. Robson excluded by his father's will from any interest in this property?

It will be observed that in section 3 of the 2nd codicil the testator provides that "the said W. H. Robson in the final settlement of my estate is to be charged as for advancements made by me to him with the sum of $5,200, subject, however, to a credit of $1,000.00."

When the testator so provided he must have contemplated that at some time a final settlement of the estate was to be made in which W. H. Robson was to be charged with $4,200, and W. H. Robson could not be charged with $4,200, in a final settlement of the estate, unless he was to get something in the settlement. The next paragraph of this section providing that it makes all the provision intended to be given W. H. Robson, and revoking as to W. H. Robson the third section of the will to the effect that what remains of the estate in the hands of the executors undistributed for the period of one year after his death shall be distributed equally among his children, must be read in connection with the previous paragraph of the section in which the testator provides for the final settlement of the estate and the charge to be made to W. H. Robson for advancements in that settlement. In other words, the testator excluded W. H. Robson from the distribution to be made of what remained of his estate in the hands of the executors undistributed for the period of one year after his death, but did not exclude him from participating in the final settlement of the estate which he evidently contemplated would take place later.

The remainder in the lots referred to, passing as it would pass if there had been no will disposing of it, the final settlement must be made under the statute. (Clark-

son v. Clarkson, 8 Bush, 655). Section 1407, Ky. Statutes, provides:

"Any real or personal property or money, given or devised by a parent or grandparent to a descendant, shall be charged to the descendant o**R** those claiming through him in the division and distribution of the undevised estate of the parent or grandparent; and such party shall receive nothing further therefrom until the other descendants are made proportionally equal with him according to his descendible and distributable share of the whole estate, real and personal, devised and undevised. The advancement shall be estimated according to the value of the property when given."

When the property in contest is sold, a final settlement of the estate should be made in which each of the children or his representatives should be charged with what has been received and the proceeds of the sale of the property should be distributed so as to equalize all as near as may be done. (Duff v. Duff, 146 Ky., 201.)

Judgment reversed and cause remanded for further proceedings consistent herewith.