MATILDA TENNANT et al., Appellants, v. L. H. SMITH,
Administrator, et al., Appellees.

**WILLS:** Construction—Devise by Wife to Husband—Prior Death of
Husband—Lapsing of Devise. If a devisee die before the testa-
tor, his heirs inherit the property devised to him, *unless, from the
terms of the will, a contrary intent is manifest.* (Sec. 3281, Code,
1897.) *Held,* a devise by a wife to her husband of ''such share of
my estate as he is entitled to have and receive under the laws of
Iowa'' manifests such contrary intent; and therefore such devise
to the husband lapsed by his death prior to the death of the wife.

*Appeal from Keokuk District Court.—*HENRY SILWOLD, Judge.

FRIDAY, DECEMBER 17, 1915.

ACTION for the construction of a will and for an order
on the administrator to distribute in accordance with plain-
tiffs' claims. The facts appear more fully in the opinion.
The trial court held that the four defendants, other than the
administrator, were each entitled to one eighth of the estate,
or, together, one half, as children of the husband of Mary
Duncan, deceased. The plaintiffs appeal.—*Reversed.*

*Eicher & Livingston,* for appellants.

*Hamilton & Beatty* and *D. W. Hamilton,* for defendants
and appellees. *Tally & Hamilton,* for the administrator.

PRESTON, J.—The part of the will of Mary Duncan, de-
ceased, in litigation is as follows:

''First,—I give and bequeath to my husband, Jonathan
Duncan, such share of my estate as he is en-
titled to have and receive under the laws of
the state of Iowa.''

This will was executed in 1908. It is
admitted that Jonathan Duncan died in 1909,
and Mary Duncan died in 1910, and her will has been duly
admitted to probate. It is admitted in the answer, or by way
of concession on the trial, that Jonathan Duncan, named in

Paragraph One of the will, was the husband of said Mary
Duncan; that Elizabeth Tennant, named as one of the residu-
ary legatees in Paragraph Three of said will, died before the
death of said Mary Duncan, intestate and unmarried, and left
as her sole and only heirs at law the plaintiffs herein; that
Mary Duncan was married to Jonathan Duncan in 1876, and
that she had never been married before; that she had no
children and had none at the time of her death; that Jonathan
had been married before, and had four children; that Matilda
Tennant and Christena Tennant are sisters of Mary Duncan;
that defendants William A. Duncan, Ida M. Bennett, Mattie
M. Greenwood and Charles L. Duncan are the children and
only children and heirs at law of Jonathan Duncan, deceased.
Defendants deny that plaintiffs are entitled to distribution
in the proportions claimed, and they allege that, under the
will of Mary Duncan, she devised one half of her estate to
her husband, Jonathan Duncan; and that the four defendants,
being the children and only heirs of Jonathan, are each en-
titled to the undivided one eighth of said estate. Plaintiffs
ask that the will be construed to give plaintiffs the whole of
the estate, and that said defendants, heirs of Jonathan, take
nothing.

By the decree, the trial court gave to the four defendants
named one half of the estate, and the question is whether the
defendants are entitled to anything, under the clause of the
will quoted. Appellees cite authority that, where two con-
structions may be given to the language of a will, the one
sustaining the will is to be preferred. And they contend
that, because of the provisions of Code Section 3281, one half
of the property of Mary Duncan passed to the children of
Jonathan, who took as heirs of said Jonathan, devisee under
the will. That section of the Code reads:

"If a devisee die before the testator, his heirs shall inherit
the property devised to him, unless from the terms of the will
a contrary intent is manifest."

Defendants cite, also, *In re Hulett's Estate*, 121 Iowa

423, which states the purpose of the enactment of said section, and construes the wills in that case. It is conceded by counsel on both sides that they are unable to find a case in point. Appellees contend that there is nothing in the will indicating that deceased did not intend that the defendants should take the property devised to her husband, and they say that it would not be a proper construction to say that deceased intended her husband to have the share the law would give him only in case he should survive her; because, in that event, she did not need to will him anything. Perhaps we should have stated earlier in the opinion, in stating the facts, that Paragraphs Two and Three of the will give all the rest of her estate, both real and personal, to her three sisters named therein. One of said sisters died, leaving a number of heirs, who are also plaintiffs herein. It is contended by appellants that the will speaks from the date of death, citing authority, and that Section 3281 of the statute changes the common-law rule; and in support of this proposition, they cite *Merrill v. Phelps,* 147 Iowa 323. They cite authority, also, for the proposition that, where a will gives heirs the same quality and quantity of estate that they would get by law, they take by descent, and not by purchase, and that the will is invalid. *Gilpin v. Hollingsworth,* (Md.) 56 Am. Dec. 737; *Rice v. Burkhart,* 130 Iowa 520; *McClanahan v. Williams,* (Ind.) 35 N. E. 897. And that this is also true of surviving spouse, see last two paragraphs in *Denny v. Denny,* (Ind.) 23 N. E. 519.

If it were not for the provisions of Section 3281 of the Code, the devise or the provision for Jonathan Duncan in his wife's will would lapse by reason of his death, even though it had been such a provision as would unequivocally give him a share in her estate. We are of the opinion that a contrary intent is manifest in this will and that, under its provisions, the heirs of Jonathan Duncan take nothing. In order to give them anything, the court must add to the will something which is not contained therein, and make the paragraph in issue read substantially as follows:

· "I give and bequeath to my husband, Jonathan Duncan, such a share in my estate as he is entitled to have and receive under the laws of the state of Iowa in case he should survive me."

This we have no authority to do. Testatrix gives her husband "such share as he *is* entitled to . . . under the laws . . ." The will speaks either at its date in 1908 or at the death of the testatrix, in 1910. The husband died in 1909. If the will speaks from that date, then appellees have nothing, as Jonathan Duncan had no fixed interest in the estate during his wife's life. If it speaks from her death, they can have nothing, as Jonathan Duncan, by dying before the death of his wife, took no interest in her estate. We must find that he is entitled to something under the law, before his heirs can get anything under the will, because the amount given him by law is the measure of what they will get by the will. The law would give him nothing; hence the will gives them nothing. We think the meaning and intention of the testatrix was that she would not interfere and would not add to or detract from what the law would give her husband, and that she intended to limit him to just what the law would give him, and give the balance to her sisters. In view of the fact that, at her death, the law gave him nothing, her sisters would take the entire estate. Had he survived her, he would have taken title under the law, which would be the paramount title, rather than under the will, in view of the fact that the provision for him in the will is exactly the provision which the law would make for him. Under these conditions, we are of opinion that, under this provision of the will, the husband took nothing, and therefore his heirs take nothing.

The trial court erred in holding to the contrary, and the judgment is reversed and the cause remanded for further proceedings in harmony with this opinion.—*Reversed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.