ESTHER E. HERRING, Appellee, v. W. F. HERRING et al., Appellants.

**WILLS: Rights of Devisees—Title by Descent.** Where a devise in
1   a will gives the same estate to a devisee that he would take
under the statute of descent, if there were no such will, the
beneficiary takes the worthier title by descent, and not by the
will.

**WILLS: Lapsed Devises—Devise to Husband—Prior Death of Hus-**
2   **band.** Under Sec. 3281, Code, 1897, providing that, "if a dev-
isee die before the testator, his heirs shall inherit the property
devised to him, unless from the terms of the will a contrary
intent is manifest," a devise by a wife to her husband of the
share of the estate to which he was entitled under the law
lapsed, upon his death before her death, and no rights survived
to his heirs, children of his first marriage, a contrary intent
being evident from the will.

*Appeal from Johnson District Court.*—R. G. POPHAM,
Judge.

OCTOBER 25, 1919.

SUIT in partition. The title of the property is put in
dispute as between two sets of heirs.—*Affirmed.*

*Baldwin & Baldwin,* for appellants.

*Dutcher, Davis & Hambrecht,* for appellee.

EVANS, J.—The controversy herein is between the heirs
of Mary Rohret on the one hand, and the heirs of Peter
Rohret, husband of Mary, on the other. Both sets of con-
testants are made defendants in the case, and have made
issue by cross-petition. The controversy involves the con-
struction of the will of Mary Rohret, which contains the
following provision:

"2nd: I give, and bequeath to my husband, Peter Roh-
ret, all that share or part of my estate, real, personal and

mixed, which would go to him under the statute of distribution of this state, if I should die intestate, neither desiring to increase nor curtail his said distributive share or interest in my estate, but intending to leave him to take just so much as the law gives to a surviving husband in cases of intestacy."

Peter Rohret predeceased his wife, Mary. Prior to the marriage of Peter and Mary Rohret, each had been previously married, and each had children as the fruits of such previous marriage. There were no children of the second marriage.

Mary Rohret was, in her lifetime, the owner of the real estate involved in the controversy. Her children claim title thereto as her only heirs. The children of Peter Rohret claim one third thereof, under the devise above quoted. Their contention is that, although Peter did not survive his wife, the devise was absolute and specific, and that they, as the heirs of Peter, inherited the same.

On the other hand, the heirs of Mary contend that the devise to Peter was a nullity from the beginning, because it only purported to devise to him his statutory distributive share, as surviving husband of the testatrix; that, if such be not so, the devise lapsed by reason of the failure of Peter to survive his wife; and that the terms of the will indicate an intention that it should lapse, in the event that Peter did not survive the testatrix. The argument, therefore, has two phases: (1) Was the devise a nullity from the beginning? (2) Did the will, by its terms, evince the intention that, in the event of the death of Peter before the testatrix, the devise should lapse?

I. The two questions thus presented

**1. WILLS: rights of devisees: title by descent.** were before us in the recent case of *Tennant v. Smith,* 173 Iowa 264. The devise under consideration in that case was as follows:

"First. I give and bequeath to my husband, Jonathan Duncan, such share of my estate as he is entitled to have and receive under the laws of the state of Iowa."

We think our holding in that case is quite determinative of this, although the two devises are not literally the same. It is well settled that, where a devise in a will gives the same estate to the devisee that he would take under the statute of descent, if there were no will, the beneficiary in such case still takes the "worthier title" by descent, and not under the will. *Rice v. Burkhardt,* 130 Iowa 520; *Tennant v. Smith,* 173 Iowa 264; *Gilpin v. Hollingsworth,* 3 Md. 190 (56 Am. Dec. 737, 738) ; *Post v. Jackson,* 70 Conn. 283 (39 Atl. 151) ; *Davidson v. Koehler,* 76 Ind. 398.

In the *Tennant* case, we applied this rule to the stattory right of a surviving husband to a distributive share.

The situation, then, presented in the case at bar is this: If Peter had survived his wife, he would have taken his statutory share under the statute, and the devise in the will of the testatrix would have been deemed a nullity. Peter would take nothing thereunder. If Peter, as a surviving husband, would have taken nothing under such devise, can his heirs occupy any better position than he? Can such devise be effective as to the heirs, and yet a nullity as to the ancestor under whom they take?

If the rule noted were to the contrary, and if the beneficiary of a devise were deemed to take under the will, rather than by descent, and if Peter had survived the testatrix, what, then, would he take under the will? Manifestly, he would take so much as "would go to him under the statute of distribution of this state." The amount of the distributive share which he would take under the law would be the measure of what he would take under the devise. If, for any reason, there was nothing which he could take under the law, then he could take no more under the devise. Having predeceased his wife, no right of distributive share

ever accrued to him. The subject-matter of the devise, therefore, never came into being.

II. Code Section 3281 is as follows:

**2. WILLS: lapsed devises: devise to husband: prior death of husband.** "If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

At common law, if a devisee died before his testator, the devise to him lapsed. The above statute changes the common law in that respect, and saves the devise to the heirs of the devisee, "unless from the terms of the will a contrary intent is manifest." Do the terms of the devise under consideration herein permit the heirs of the predeceased devisee to take the devise, or do they manifest a "contrary intent?" We think it clear from the terms of this devise that the testatrix intended to add nothing to the legal rights of the devisee. As said therein, she was "neither desiring to increase nor curtail his said distributive share or interest in my estate." He could have no "distributive share" or "interest" in her estate, except as her surviving husband. The contingency of survivorship was clearly within the contemplation of the testatrix. The death of the devisee terminated that contingency. The devise being limited to the distributive share of the devisee as a surviving husband, it necessarily lapsed by the predecease of the husband, precisely as his right of distribution lapsed by such predecease. The right of distributive share could not survive to the heirs of Peter. We think it clear, also, from the terms of the will that it was not the intent that the devise should survive to the heirs of Peter. To permit the heirs to take one third of the estate under this devise would clearly operate to "increase" the "interest" of Peter in the estate of the testatrix. We find, therefore, that the devise, such as it was, lapsed by the death of the husband.

In reaching this result, we have given no consideration to the fact that the real estate in controversy was not owned by the testatrix at any time during the lifetime of her husband. It came to her after the death of her husband, by inheritance from her own deceased son. This fact makes its appeal to a sense of natural equity. Whether it has any legal significance on the issues herein, we need not inquire. The fact that it was not owned by the wife at any time during the marriage, and that, therefore, the husband never had an inchoate right of dower in it, suggests an interesting query as to what its effect might be if the devise were held to be otherwise effective. The trial court properly held that the heirs of Peter took nothing under the devise. The decree is accordingly—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.