IN RE ESTATE OF COLUMBUS H. WARREN.

No. 40347.

FEBRUARY 10, 1931.

*Wilson, Brown & Wilson,* for appellants.

*Keenan, Barnes & Clovis,* for appellees.

WAGNER, J.—An instrument purporting to be the last will and testament of Columbus H. Warren is as follows:

"I, Columbus H. Warren, of Sanders County, Montana, do make this my last will and testament, hereby revoking all former wills, if any, by me at any time made.

"To my mother, Agnes Duncan, I give all my property, real and personal wherever located, of which I may die seized, to be her own absolutely and without reserve of any kind.

"I hereby nominate my mother, Agnes Duncan, as executrix of this my last will and testament, and request the court to appoint her without bond.

"In witness whereof I have to this my last will and testament, consisting of one sheet of paper, subscribed my name this 14th day of June, 1916."

The petition in this case was filed by Louis R. Warren, administrator with the will annexed of the Columbus H. Warren estate. The said Louis R. Warren, individually, and his brother, F. W. Warren, joined said administrator with the will annexed, asking for the same relief. The petition is attacked by motion to dismiss, in the nature of a demurrer, which, under the law, for the purposes of said motion, concedes the facts well pleaded in the petition to be true. We glean from the petition the following facts: Columbus H. Warren, a resident of Page County, Iowa, died September 3, 1928. Administration of his estate was commenced in Page County, on the theory that he died intestate. Louis R. Warren was appointed administrator of his estate. Thereafter, there was discovered the foregoing will of said deceased, which was duly admitted to probate in the Page County district court on February 27, 1929, and Louis R. Warren was appointed administrator with the will annexed. Said decedent was never married, and had no lineal descendants. At the time of the execution of the aforesaid will, the father of said decedent was dead, and his mother, Agnes Duncan, then living, was his sole heir apparent. The mother died in November, 1916. The father of the decedent died years ago, leaving Agnes Warren as his surviving widow, and his sons, the decedent and the plaintiffs Louis R. Warren and F. W. Warren, as his sole heirs at law. After the father's death, the mother, Agnes, married one E. Duncan, and by this latter marriage there were five children, who, or the lineal descendants of those deceased, are parties defendant in this cause of action. Mary Browning, Myrtle Fay, and J. T. Duncan, two half sisters and a half brother of the deceased's, were living at the time of his death. Charles Duncan, a half brother of the deceased's, died intestate before the date of the testator's death, leaving the defendant Avis Duncan Harvey as his sole

heir-at-law. I. E. Duncan, another half brother of the deceased's, died intestate before the death of the testator, leaving as his only heirs at law, the defendants Austin E. Duncan, Zilpha Duncan, Lewis Duncan, Pearley Duncan, Adrian Duncan, Hewitt Duncan, Robert Duncan, Charles Duncan, and Mildred Duncan. In addition to the foregoing facts, it is averred in the petition:

"That, by reason of the fact that the said will of Columbus H. Warren purported to give to his mother, Agnes Duncan, who was his sole heir, the same title, both as to quantity and quality, and in all other respects, in his property which she would have received, had he died intestate and survived by her, it is the contention of this administrator with will annexed (joined in by the other plaintiffs) that the said will is void as to said devise, and that the said Agnes Duncan never would have taken anything thereunder, had she survived the said Columbus H. Warren. He further shows the court that, on the death of the said Agnes Duncan, any claim she might have had, or which anyone might have had, under said purported will, lapsed, and that the property of the said Columbus H. Warren should be distributed (after payment of all just claims) as though said instrument or will had never been executed. That, by reason thereof, the said full brothers, Louis R. Warren and F. W. Warren, take an undivided half of said estate, to be divided equally between them, and that the remaining half should be divided as follows: To Louis R. Warren, F. W. Warren, Mary Browning, Myrtle Fay, J. T. Duncan, and Avis Duncan-Harvey, each an undivided one-seventh (1/7) interest in said remaining half; and to Austin E. Duncan, Zilpha Duncan, Lewis Duncan, Pearley Duncan, Adrian Duncan, Hewitt Duncan, Robert Duncan, Charles Duncan, and Mildred Duncan, jointly, an undivided one-seventh (1/7) interest in said remaining half; or that each of said last-named children take an undivided one-one-hundred-twenty-sixth (1/126) interest in the total estate. That a contention has arisen among the parties above named as to the interests of each in said estate, it being claimed by some that the said will is valid, and that, on the death of the devisee, Agnes Duncan, her heirs should be substituted in her stead, and the estate divided accordingly; that, by reason of said controversy, it is necessary that said will be construed by the court, and the proper distribution of said estate fixed and determined."

The plaintiffs pray therein that the rights of the parties be fixed as therein alleged and contended for.

The proposition raised by the defendant's motion to dismiss is that the petition on its face, in conjunction with the statutory law, Section 11861, Code, 1927, shows that each of the living children of the mother is entitled to one seventh of the entire estate, and that Avis Duncan Harvey, the surviving daughter of Charles Duncan, deceased, is entitled to an undivided one seventh of said estate, and that the aforesaid children of I. E. Duncan, deceased, are together entitled to an undivided one seventh of said estate.

The trial court, from the facts averred in the petition, held:

"That said last will and testament of said Columbus H. Warren, deceased, devised and bequeathed to said Agnes Duncan the same property, both real and personal, both as to quantity and quality, that she would have inherited from him, had he died intestate, and said Agnes Duncan survived him; that, had said Agnes Duncan survived him, she would have taken from him all of his property, both real and personal, by the worthier title by descent, and not under said last will and testament; that said provisions in said last will and testament in favor of said Agnes Duncan are a nullity, and of no force or effect; that, said Agnes Duncan having died prior to said Columbus H. Warren, her heirs at law would be entitled to no more under said will than said Agnes Duncan would have taken, had she survived him: in other words, said will being a nullity and of no force or effect, so far as Agnes Duncan was concerned, it would be of no more force or effect in favor of her heirs."

Thus it is seen that the court fixed the shares of the parties to this litigation in accordance with the averments of the petition.

Section 11860, Code, 1927, provides that the word "devisee" shall, when applicable, be construed to embrace "legatees," and that the word "devised" shall, in like cases, be understood as comprising the word "bequeathed." Section 11861, Code, 1927, provides:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

It is the contention of the appellants that, by the terms and

provisions of the will of the deceased, Agnes Duncan was his devisee, within the meaning of the aforesaid statutory provision, and that, by reason thereof, her heirs will now take the property.

On the other hand, the appellees contend that since, without the devise to Agnes Duncan by the will, she would have taken under the law the exact estate, both in quantity and quality, as given by the will, the estate would pass, not under the will, but under the "worthier title" by descent; and that the devise and bequest is a nullity, ineffective, and void. In support of their contention, they cite 4 Kent's Commentaries (14th Ed.) *506; 28 Ruling Case Law 235; 6 Greenleaf's Cruise on Real Property, Title 38, Chapter 8, Sections 1-15; 14 Cyc. 55; *Moninger & Ringland v. Ramsey,* 48 Iowa 368; *Rice v. Burkhart,* 130 Iowa 520; *In re Estate of Davis,* 204 Iowa 1231; *In re Will of Watenpaugh,* 192 Iowa 1178; *Herring v. Herring,* 187 Iowa 593; *Tennant v. Smith,* 173 Iowa 264; *Wiltfang v. Dirksen,* 295 Ill. 362 (129 N. E. 159); *Darst v. Swearingen,* 224 Ill. 229 (79 N. E. 635, 115 Am. St. 152); *Stilwell v. Knapper,* 69 Ind. 558 (35 Am. Rep. 240); *Robertson v. Robertson,* 120 Ind. 333 (22 N. E. 310); *Thompson v. Turner,* 173 Ind. 593 (89 N. E. 314, Ann. Cas. 1912A 740); *Wheeler v. Loesch,* 51 Ind. App. 262 (99 N. E. 502); *Dillman v. Fulwider,* 57 Ind. App. 632 (105 N. E. 124); *McIlvaine v. Robson,* 161 Ky. 616 (171 S. W. 413); *Tyler v. Fidelity & Columbia Tr. Co.,* 158 Ky. 280 (164 S. W. 939); *Thompson v. Thornton,* 197 Mass. 273 (83 N. E. 880). It is said by Chancellor Kent, in 4 Kent's Commentaries (14th Ed.) *506:

"A devise to the heir at law is void, if it gives precisely the same estate that the heir would take by descent if the particular devise to him was omitted out of the will. The title by descent has, in that case, precedence to the title by devise."

In 6 Greenleaf's Cruise on Real Property, Title 38, Chapter 8, Section 2, the author states:

"With respect to the first sort of devises that are void *ab initio,* it is a rule of law that, where a testator makes the *same disposition of his estate as the law would have done,* if he had been silent, the will, being unnecessary, is *void.*"

In *Denny v. Denny,* 123 Ind. 240 (23 N. E. 519, 521), the court made the following pronouncement:

"In such a case, the law takes the preference and casts the estate, and the will is inoperative."

In *Post v. Jackson*, 70 Conn. 283 (39 Atl. 151, 153), the court said:

"If property is left to the testator's heirs in the same manner and proportion in which they would take, were there no will, the rule of law is that they take as heirs, and not as devisees. The former is deemed the worthier title."

In *Robertson v. Robertson*, 120 Ind. 333 (22 N. E. 310), the court used the following language:

"The children of the testator took by inheritance or descent from their father, because, by the terms of the will, they were given precisely the same interest and estate in his real and personal property as they would have taken if the particular devise or bequest to them had been entirely omitted from the will. The rule is that if, without the devise or bequest, the heir would take exactly the same estate or interest which the will purports to give him, he is to be considered as having taken by descent, and not by purchase or under the will."

In *Wheeler v. Loesch*, 51 Ind. App. 262 (99 N. E. 502), we find the following pronouncement:

"So a will which makes no other disposition of property than the law would make is a nullity, and *not subject to contest*." (Writer's italics.)

In *Darst v. Swearingen*, 224 Ill. 229 (79 N. E. 635, 115 Am. St. 152), it is aptly declared:

"* * * that a devise giving precisely the same estate and interest in property as the devisee would take by descent if the devise had not been made is void, for the reason that a title by descent is regarded as a worthier and better title than a title by purchase."

In *Moninger & Ringland v. Ramsey*, 48 Iowa 368, the point involved was as to whether or not the devisee's interest in the homestead property of the ancestor was exempt. The will devised the real estate to the same persons and in the same pro-

portions as would have been the result by inheritance. We there said:

"F. C. Wood was a widow, and the devise to her children did not divert the homestead. No other disposition of the property was made by the will than that made by the law of descents. The question presented must be determined precisely as if no will had been made * * *."

In *Rice v. Burkhart*, 130 Iowa 520, another case involving exemption to a devisee in the homestead property coming from the ancestor, this court made the following pronouncement:

"Had the testator devised the property to all his sons so that each would have taken precisely as though no will had been executed, it would have been exempt from the prior indebtedness of each. *Moninger v. Ramsey*, 48 Iowa 368. But not necessarily because of the insertion of the clause 'unless otherwise directed by will' [a statutory provision]; for without that, the rule prevails that, when property is left to the testator's heirs in the same manner and proportion in which they would have taken, were there no will, they take as heirs, and not as devisees, the former being deemed the worthier title. *Gilpin v. Hollingsworth*, 3 Md. 190 (56 Am. Dec. 737); *Post v. Jackson*, 70 Conn. 283 (39 Atl. 151); *Davidson v. Koehler*, 76 Ind. 398; 14 Cyc. 55. In such a case the property descends according to the rules of descent, the same as though no will had been executed, and the clause would have no effect."

In *Tennant v. Smith*, 173 Iowa 264, the will of the wife provided for her husband as follows:

"First,—I give and bequeath to my husband, Jonathan Duncan, such share of my estate as he is entitled to have and receive under the laws of the state of Iowa."

The husband predeceased the testatrix, and his heirs contended that, under the will, the testatrix devised to her husband one half of the estate, and that they were entitled to the same by reason of the provisions of Section 3281, Code, 1897 (now Section 11861, Code, 1927, hereinbefore quoted). We there held that by the terms of the will a contrary intent is manifest, etc. We there said:

"Had he survived her, he would have taken title under the law, which would be the paramount title, rather than under the will, in view of the fact that the provision for him in the will is exactly the provision which the law would make for him."

In *Herring v. Herring*, 187 Iowa 593, the will of the wife provided for the husband as follows:

"* * * I give, and bequeath to my husband, Peter Rohret, all that share or part of my estate, real, personal and mixed, which would go to him under the statute of distribution of this state, if I should die intestate, neither desiring to increase nor curtail his said distributive share or interest in my estate, but intending to leave him to take just so much as the law gives to a surviving husband in cases of intestacy."

The husband predeceased the testatrix, and his heirs contended that they were entitled to one third of said estate, under the aforesaid statute. We held that our pronouncement in *Tennant v. Smith*, 173 Iowa 264, was determinative of the rights of the parties, saying:

"It is well settled that, where a devise in a will gives the same estate to the devisee that he would take under the statute of descent, if there were no will, the benficiary in such case still takes the 'worthier title' by descent, and not under the will. [Citing cases.] In the *Tennant* case, we applied this rule to the statutory right of a surviving husband to a distributive share. The situation, then, presented in the case at bar is this: If Peter had survived his wife, he would have taken his statutory share under the statute, and the devise in the will of the testatrix would have been deemed a nullity. Peter would take nothing thereunder. If Peter, as a surviving husband, would have taken nothing under such devise, can his heirs occupy any better position than he? Can such devise be effective as to the heirs, and yet a nullity as to the ancestor under whom they take?"

In *In re Will of Watenpaugh*, 192 Iowa 1178, we held that, under the will therein involved, the wife of the testator, who predeceased him, would have been entitled, under her husband's will, to an estate greater in quantity than she would have been entitled to under the law, and consequently that her heirs, under the statute sought to be invoked herein by the appellants, were

entitled to that portion of the estate. We there said, after quoting the rule announced in the *Herring* case, and hereinbefore quoted:

"If it be true that, under the terms and provisions of the will, the widow of the testator, if she had survived him, would have taken under the will exactly the share in the estate of the testator which she would have taken under the statute, had there been no will, then it follows that she would have taken such share by descent, and not by devise or purchase. * * * The will gave her more than the law would have given her, and, had she survived the testator, she would have taken more under the will than she could have taken under the statute. That being true, the rule invoked that she would take under the law as the worthier title does not apply, and the heirs of the predeceased legatee are entitled, under Section 3281 of the Code [now Section 11861, Code, 1927] * * *."

In *In re Estate of Davis*, 204 Iowa 1231, we held that, under the will therein involved, the wife of the testator, who died prior to the death of the testator, took an estate different from what she would have been entitled to under the law, and that her heirs were entitled, under the statute hereinbefore quoted, to that portion of the estate devised or bequeathed to her, saying, after again quoting the rule announced in the *Herring* case:

"In order to bring the case within this rule, it is essential that the provision for the surviving spouse under the will should be identical in quantity and quality with the statutory provision to the same end. If such respective provisions be identical in the given case, then the beneficiary would be deemed to take under the statute, as conferring the 'worthier title,' and the provision of the will would be deemed nugatory or canceled thereby."

That the taking of property under the "worthier title" rule applies to bequests of personal property, as well as to devises of real estate, see *In re Estate of Davis*, 204 Iowa 1231; *Robertson v. Robertson*, 120 Ind. 333 (22 N. E. 310); *Dillman v. Fulwider*, 57 Ind. App. 632 (105 N. E. 124); *Parsons v. Winslow*, 6 Mass. 169 (4 Am. Dec. 107); and other cases hereinbefore cited.

While, as a general rule, a will is said to speak as of, or from, the death of the testator, yet this relates to the effect and operation of the instrument; but the will should be construed as of the date

of its execution. *In re Estate of Best,* 206 Iowa 786; 40 Cyc. 1425. Agnes Duncan, the mother of the testator, was the sole heir apparent of the testator, and entitled to his entire estate by inheritance. See Sections 12017 and 12024, Code, 1927. The execution of the will was sufficient to constitute revocation of all former wills. The will gives her all of testator's property, "absolutely and without reserve of any kind,"—the exact estate in quantity and quality to which she was entitled, without the provisions for her in the will, under the "worthier title" by descent. Under the doctrine of the authorities herein cited,—and the appellants cite us none, and we have found none, to the contrary,— the provisions of the will in behalf of Agnes Duncan, the mother of deceased, were ineffective and a nullity. Had she survived the testator, she would have taken the property by descent, and not by purchase, as a devisee under the will. The provisions of the will in her behalf as a devisee having been at all times void, ineffective, and a nullity as to Agnes Duncan, it is equally so as to appellants, claiming thereunder and through her. Their status in this respect must be identical with, and no better than, that of Agnes Duncan, through whom they claim. The provisions of the will in her behalf as a devisee cannot be a nullity as to her and effective as to them. See *Herring v. Herring,* 187 Iowa 593; *In re Will of Watenpaugh,* 192 Iowa 1178; *In re Estate of Davis,* 204 Iowa 1231; *Tennant v. Smith,* 173 Iowa 264; and all of the other authorities hereinbefore cited. Had Agnes Duncan survived the testator, she could not take as a devisee under the will, as her title would have accrued by descent, under the "worthier title" rule,—a definite, positive, and universally recognized rule of law. Her rights in the property under the will were at all times identical with her rights under the law. As said in *In re Estate of Davis,* 204 Iowa 1231:

"Such identity of provision is deemed sufficient evidence of an intent on the part of a testator that the devise should lapse if the spouse [mother] should predecease him."

It follows that the judgment of the trial court is correct, and the same is hereby affirmed.—*Affirmed.*

All the justices concur.