In the Matter of the **ESTATE OF Charlene GRULKE, Deceased,**

**Duane A. Grulke Jr., Appellant.**

No. 94–2101.

Court of Appeals of Iowa.

Feb. 2, 1996.

Peter J. Peters of Peter J. Peters, P.C., Council Bluffs, and Jacob J. Peters of the Peters Law Firm, P.C., Council Bluffs, for appellant.

Raymond P. Drew of the Drew Law Firm, P.C., Hampton, for appellee Violette Gast.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

In this case we must decide whether the district court correctly determined that Charlene Grulke's entire estate passed to her only sister, Violette Gast, thereby excluding Duane Grulke, Jr., Charlene's stepson, from any interest in her estate. Because we find Duane Grulke, Jr.'s claim to one-half of Charlene's estate is precluded by the doctrine of worthier title, we affirm.

Charlene Grulke executed her will on August 17, 1973. At that time she was married to Duane Grulke Sr. and had one child from the marriage, Keith Grulke. Charlene also had a step-son, Duane Grulke Jr. The will provided, in pertinent part:

SECOND, since the majority of my estate is derived from assets which were received from my parents, Mr. and Mrs. Charles E. Lester, and knowing that it was their desire that this property be passed to my issue, I hereby give, devise, and bequeath all of my property, both real and personal, wherever located and of whatever nature, to my son, Keith Grulke, absolutely and in fee.

In the event that Keith Grulke precedes me in death, leaving issue, it is my desire that the property he would have received shall go to said issue.

The will was silent as to the disposition of Charlene's estate if Keith predeceased her without issue and contained no residuary disposition other than that quoted above.

Duane Grulke Sr. passed away in 1989, and Keith Grulke died intestate without issue on January 24, 1991. Charlene did not revise her will following deaths of her husband and son. Duane Grulke Jr. is still living, as is Violette Gast, Charlene's only sister.

Charlene passed away on May 27, 1994. On August 9, 1994, the executor filed an application for determination of heirship, noting his uncertainty as to whether Charlene's estate should pass to Violette or be divided equally between Violette and Duane Jr. Following a hearing, the district court concluded Charlene's will was subject to the doctrine of worthier title and that application of the doctrine required distribution of the entire estate to Violette. Duane appeals.

Actions to set aside or contest wills are tried as law actions. Iowa Code § 633.33 (1993). As a result, our review is for correction of error of law. Iowa R.App.P. 4.

The principles governing will construction are well settled. The intent of the testator is polestar. *In re Estate of Larson*, 256 Iowa 1392, 1395, 131 N.W.2d 503, 505 (1964). We must ascertain from the entire will in context, and nothing else, if the language is "plain and unambiguous." *Id.; In re Estate of Syverson*, 239 Iowa 800, 805, 32 N.W.2d 799, 801 (1948). We presume the words of the will are used in their natural, usual, popular, and conventional meaning. *Syverson*, 239 Iowa at 807, 32 N.W.2d at 802. It is not our function to remake or improve a will; rather, our sole purpose and justification for construing a will is the development of the intent of the testator. *Id.* at 809–10,

32 N.W.2d at 803–04 (quoting *Guilford v. Gardner*, 180 Iowa 1210, 1224, 162 N.W. 261, 266 (1917)). If a simple reading of the will, using the words in their ordinary and natural sense, does not unmistakably reveal the maker's intention, the court may resort to certain accredited canons of construction. *In re Estate of Thompson*, 164 N.W.2d 141, 146 (Iowa 1969). These canons of construction permit us to impute a meaning conforming to the testator's probable intention and one that is most agreeable to reason and justice. *In re Estate of Zang*, 255 Iowa 736, 739, 123 N.W.2d 883, 885 (1963). In so doing we must put ourselves in the testator's shoes as nearly as possible, taking into consideration the situation of the testator and the facts and circumstances surrounding him at the time the will was executed. *Id.*

On appeal, Duane Jr. contends the district court erred in holding the doctrine of worthier title determines the disposition of Charlene's estate. He argues that our supreme court's decision in *In re Estate of Kern*, 274 N.W.2d 325 (Iowa 1979), which abrogated the application of the doctrine of worthier title, precludes application of the doctrine in this case. He maintains the district court erred in relying on the exception made in *Kern* for wills executed prior to the date of the opinion. We disagree.

■ Under the worthier title doctrine, if a devise in a will gives the same estate to the devisee that he or she would take by the laws of intestacy if there were no will, the ultimate beneficiary takes the "worthier title" by descent rather than under the will. *See In re Estate of Warren*, 211 Iowa 940, 234 N.W. 835 (1931). Our supreme court, in *Kern*, abrogated this doctrine finding that it often conflicts with the antilapse statute, Iowa Code § 623.273(1) (1993), and may frustrate testamentary intent. *See Kern*, 274 N.W.2d at 328. In doing so, the court stated:

> The worthier title doctrine is a rule of property, and we abrogate it prospectively only. (Citations omitted). Today's holding thus applies only to the present will, to wills in cases now pending in which the issue is properly raised, and to wills executed after the day we file this opinion. The worthier title doctrine, if otherwise

applicable under our prior pronouncements, applies to other wills.

*Id.* at 328.

*Kern* was decided in 1979. Charlene's will was executed in 1973. Since the will was executed prior to the court's prospectively applied ruling, we conclude the district court correctly found the doctrine of worthier title controlled the distribution of Charlene's estate.

■ In applying the worthier title doctrine to the present case, the district court concluded that had Keith Grulke survived his mother, he would have taken the identical estate under the will that he would have received had his mother died intestate. Accordingly, the district court determined that, under the worthier title doctrine, Duane Grulke Jr. was not entitled to an interest in Charlene's estate. We agree with the district court's application. Under the will, Keith Grulke was to take everything. Similarly, under Iowa's rules of intestate succession, he also would have taken all of Charlene's estate as her only heir. Had Keith been alive at the time of Charlene's death, he would have taken all of her estate because her husband predeceased her and Keith was her only child. *See* Iowa Code § 633.219(1). As a result, Keith Grulke would have taken the worthier title by descent, rather than under the will. The district court did not err in concluding that Duane Grulke Jr. takes nothing under the will.

■ Duane Jr. also maintains the district court erred in concluding that Charlene's will contained terms which evidenced a clear and explicit intent to disinherit her heirs thereby avoiding Iowa's antilapse statute. That statute provides in relevant part:

> 1. If a devisee dies before the testator, the devisee's heirs shall inherit the property devised to the devisee, *unless from the terms of the will, the intent is clear and explicit to the contrary.* Iowa Code § 633.273 (1993) (emphasis added).

We recognize that because we have already determined the doctrine of worthier title controls Charlene's devise we need not consider the applicability of the antilapse statute. We, however, determine that even if the

doctrine of worthier title did not apply, the result would be the same because of Charlene's clear intent to the contrary.

In her will, Charlene expressly stated her intent to devise her property to her son, Keith, and his issue. In making this devise, Charlene noted that the majority of her estate was derived from her deceased parents' assets and that it "was their desire that this property be passed to my issue." We agree with the district court that this language established Charlene's intent that her property pass to her family rather than to Duane Sr.'s family. We find the district court correctly concluded that even absent application of the worthier title doctrine, Charlene's intent requires a finding that Duane Jr. not take her property pursuant to the antilapse statute.

**AFFIRMED.**