## In re WILL OF FOSTER.

**Estates of Decedents :** DEVISE TO WIDOW OF PERSONALTY FOR LIFE : HER SHARE AFFECTED : ELECTION TO TAKE. After making special bequests of money to his two daughters, the testator proceeded thus : "*Second.* I give and bequeath to my wife  *  *  *  the remainder of my property, both personal and real  *  *  *  so long as she may live. *Third.* After the decease of my wife, all the property remaining is to be divided equally between my daughters, D. and B." *Held*—

(1) That this was a bequest to the wife of a life estate in the personalty, and that she could not take this life estate and also the one-third absolutely, allowed her by law in the absence of a will ;—the reason of the rule allowing her to do so where there is a devise to her for life of real estate not applying to such a devise of personalty.

(2) That the will, therefore, "affected" her legal share, as contemplated by section 2452 of the Code, and that she could not take the life estate unless she caused to be entered on the records of the proper court her consent to do so, within six months after notice of the provisions of the will, as provided in said section. ( See cases cited in opinions.)

*Appeal from Clayton Circuit Court.*

FILED, JUNE 9, 1887.

DAVID R. Foster executed a will which was duly admitted to probate, and this action was brought to determine the right of his widow to a share of the personal estate. The court held that it was not essential that the widow should elect to take under the will. The heirs at law appeal.

*J. W. Sandusky* and *J. Larkin,* for appellants.

*W. A. Preston* and *J. O. Crosby,* for appellee.

SEEVERS, J.—I.   The will of David R. Foster provides : "*First.*   After paying my funeral expenses and just debts, if any, I give to my daughters, Dora Bixby and Lizzie ˚Sandusky, one hundred dollars each. *Second.*   I give and bequeath to my wife, Mary Jane Foster, the remainder of all my property, both personal and real, including all stock of all kinds, and all notes and mortgages, and all property of every name and nature, so long as she may live.   *Third.*   After the decease of my wife, all the property remaining is to be divided equally between my daughters, Dora Bixby and Lizzie Sandusky."

The will was admitted to probate in November, 1885, and in February, 1886, the legatees other than the widow caused a notice in writing to be served on the latter, in which the provisions of the will were correctly stated. The widow failed to elect whether or not she would take under the will as provided in section 2452 of the Code, which is as follows : "The widow's share cannot be affected by any will unless she consents thereto within six months after notice to her of the provisions of the will by other parties interested in the estate, which consent shall be entered on the proper records of the circuit court."   The circuit court held, in effect, that the widow was entitled to all the personal property for and during her life-time, except as provided in the first paragraph of the will.

II.   It becomes material to determine whether the widow's share is affected by the provisions of the will.

It was held in *Ward v. Wolf*, 56 Iowa, 465, that the "widow's share," as contemplated in section 2452 of the Code, included a share in the personal property. In the absence of a will, such share is one-third part thereof, and the title and right to such share and property vests in her absolutely. Under the will in question such property belongs to her for and during her life. It seems to us clear that the widow's share is affected by the will. The whole personal estate is vested in the widow for life in place and in lieu of a share of such estate vesting in her absolutely to dispose of as she might direct. It is possible that this should be regarded as a greater or enlarged interest, but, conceding this, it is nevertheless true that her share is affected, and, under the statute, she is required to say, in the manner therein provided, whether she consents to and will take under the will. *Baldozier v. Haynes*, 57 Iowa, 683. Under the statute, the widow has a right to determine whether she will take under the will or her distributive share. If she deems it to be to her interest to take under the will, she must so elect, as provided in the statute.

It therefore follows that the circuit court erred in the rulings made.

REVERSED.

OPINION ON REHEARING.

FILED, DECEMBER 21, 1888.

DAVID. R. Foster, in his life-time, executed a will which contains the following provisions: "(1) After paying my funeral expenses and just debts, if any, I give to my daughters, Dora Bixby and Lizzie Sandusky, one hundred dollars each. (2) I give and bequeath to my wife, Mary Jane Foster, the remainder of all property, both real and personal, including all stock of all kinds, and all notes, mortgages and all property of every name and nature, so long as she shall live. (3) After the decease of my wife, all the property remaining is to be divided equally between my daughters, Dora Bixby and Lizzie Sandusky." After his death the will

was admitted to probate.    On the fifteenth of February, 1886, the said Dora Bixby and Lizzie Sandusky, being the only persons other than the widow interested in the estate, gave to her the notice of the provisions of the will provided for by section 2452 of the Code.    The widow, however, did not, within six months from the service of such notice, file her election to accept the provision made for her in the will, and the other parties thereupon filed their petition in the circuit court, alleging that the executor had in his hands personal property not exempt from execution largely in excess of the amount required for the payment of the debts, and praying for an order for the distribution of the same in the proportion provided by law when no will has been executed.    The widow and executor demurred to the petition, and, the demurrer being sustained, the heirs appealed.    An opinion was filed in the case at the June term, 1887, but a rehearing was subsequently granted, and the cause has again been argued by counsel.

REED, J.—Under the statutes of this state, the widow, in the absence of a will, takes one-third of the personal property belonging to the estate of her deceased husband, and " one-third in value of all the legal and equitable estate in real property possessed by the husband at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right."    Code, secs. 2436–2440.    And it is provided by section 2452 that " the widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate." The ultimate question to be determined in the present case is whether the will was defeated by the failure of Mrs. Foster to consent, within the time specified after the notice to her, to the provision made for her therein ; and that question depends upon whether her distributive share of the personal estate was affected by it. Upon distribution under the statute, she would have

taken one-third of the property absolutely, and it is manifest that her distributive share would be affected by any provision which required her to accept either a smaller amount of the property, or a 'right or interest therein less than the absolute ownership. ' But, on the other hand, if under the provisions of the will she would have acquired the same interest which would have accrued her under the statute and something in addition thereto, it is equally clear that her share was not affected. *Bulfer v. Willigrod*, 71 Iowa, 620. We are required, therefore, to determine the nature and extent of the interest or right intended to be conferred upon her by the will; and when we look into that instrument, to ascertain the intention of the testator, to which effect will always be given if that is possible under the rules of law, it is manifest, we think, that it was his purpose to confer upon his widow the right to the use and enjoyment of the property during her life.

By the express terms of the bequest, she is to have "all property, of every name and nature, as long as she shall live." The extent of the right intended to be conferred is clearly defined by the language, and this is followed by the bequest over to the daughters of so much of the property as may remain at the death of the widow. That personal property may be limited over after a life-interest in it is created appears to be well settled. See 2 Kent, Comm. (13 Ed.) *352; *Burleigh v. Clough*, 52 N. H. 267; *Jackson v. Robins*, 16 Johns. 537; *In re Oertle*, 34 Minn. 173. The same authorities also hold that bequests like that in question create but a life-interest in the property, and to the same effect are *Smith v. Bell*, 6 Pet. 68; *Brant v. Iron Co.*, 93 U. S. 326; *Green v. Hewitt*, 97 Ill. 113. It may be conceded that it was contemplated by the testator that some portion of the property would be consumed or disposed of by the widow, although the power to make such disposition is not expressly given by the will. Such power, however, would often be implied from the nature of the property, and the use to which it is adapted, as is pointed out in *Greve v. Camery*, 69 Iowa, 220. But the

extent of the interest conferred upon the devisee is not necessarily determined by that circumstance; for the power to make disposition of particular property does not, of necessity, carry with it absolute ownership of it. If, from its nature, the object intended by the testator can be effected only by converting it into money or other fixed property, from which an income may be derived, the power of disposition is not at all inconsistent with a mere life-estate. In such case, the money or property acquired in exchange for that converted by the devisee takes the place of it, and is held by the devisee subject to the rights created by the will.

It has been held by this court, however, that the acceptance by the widow of a devise of a life-estate in all of the real estate of the husband does not defeat her right to the distributive share therein which accrues to her under the statute (*Metteer v. Wiley*, 34 Iowa, 214; *Watrous v. Winn*, 37 Iowa, 72; *Daugherty v. Daugherty*, 69 Iowa, 677); and it was contended that the same rule should apply in the case of a devise of personalty, and under it the bequest to Mrs. Foster created a life-estate in that portion of the property which did not descend to her absolutely under the statute, and hence her distributive share was not affected by the will. The reason of the rule established by the cases cited above, however, is that the wife, during the life-time of her husband, has an interest in the real estate owned by the husband of which she can be divested only by judicial sale or her own act; and the presumption is that the husband, when he makes a bequest to her of property of that character, intends to bestow some interest in addition to the interest which she already possesses; or, in other words, the presumption in such case is that he intends to bequeath only such interests as he has the power to dispose of. It is manifest that this reason can have no application to the disposition of personal property. The wife during the life of the husband, has no interest in his personal property, but he may make

such disposition of it as he chooses; and, when he disposes of it by will, the presumption is that he intends that the interest which he bestows upon her shall be in lieu of the interest which she would acquire therein if no such disposition were made. We are of the opinion, therefore, that the circuit court erred in sustaining the demurrer to the petition and the judgment will be

REVERSED.