MARY M. BERRY et al., Appellees, v. JOHN DONALD et al.,
Appellants.

WILLS:   Distributive Share—Benefits of Will—Election—Evidence—.
1   Sufficiency.   ''Clear and satisfactory'' evidence is required to
establish an election on the part of a widow to take under the
will in lieu of her distributive one-third. (This has reference to
evidence of an election other than the formal court election pro-
vided in Sec. 3376, Sup. Code.)

PRINCIPLE APPLIED:   The testator died leaving three sons
and three daughters.  The will gave the widow a life estate in the
farm and remainder to the sons, subject to three $1,000 bequests
to the daughters.  A year or so before his death testator and his
wife moved from the farm to town, leaving the sons on the farm
which they had managed solely for their father for several years.
After testator's death the widow at once moved back to the
farm and lived successively with the families of her three sons,
performing valuable domestic duties therein until her death
fourteen years after the death of her husband.  One son lived in
the old home and the other two sons had other homes on the
farm.   There was evidence of *casual* statements of the old mother
''that she had refused to contest her husband's will'' and was
satisfied therewith and wanted the property left as her husband
had left it.  She never received any rents from the farm, nor did
she, in terms, rent it to the boys.  They just farmed it.  She
received practically nothing and spent less, though her wants were
provided for.  She doubtless fully consented to and encouraged
the building of homes and other valuable improvements on the
farm by the sons.  No proceedings were ever had calling upon
her for an election in the probate court as provided in Sec. 3376,
Sup. Code.  *Held,* evidence not sufficient to show an election to
take under the will.

WILLS:   Made in Terms as Requested by Wife—Estoppel—Distrib-
2   utive Share.   The law arbitrarily nullifies any attempt of the
husband and wife to contract with each other in any manner in
regard to the distributive share of one in the property of the other.
(Sec. 3154, Code.)    An estoppel cannot be predicated on an
attempt to so contract.   Therefore, if the wife did induce her
husband to make a will giving her a life interest, she was not

estopped thereby to claim her distributive share after the husband's death.

**PARTITION: Distributive But Non-Partitioned Share of Widow—**
3 **Improvements by Heirs—Credits.** Where a widow took in law her distributive share but did not have the same partitioned, and allowed different heirs to erect valuable improvements on the land, such heirs are entitled to credit for their expenditures in an action of partition after the death of the widow.

**PARTITION: Title to Property in Issue—Attorney Fees—When Al-**
4 **lowed.** Attorney fees cannot be allowed at the expense of the common property when the title to the property is in issue, each litigant being represented by an attorney of his own choosing.

*Appeal from Van Buren District Court.*—HON. D. M. ANDERSON, Judge.

FRIDAY, FEBRUARY 12, 1915.

ACTION for partition. The parties to the case are all direct heirs of Catherine Donald, widow of John Donald. The real property involved was owned at the time of his death by John Donald, who died testate. His will devised a life estate to his wife Catherine, and the remainder to his three sons subject to special bequests in favor of the three daughters. The daughters and their representatives are the plaintiffs. They aver that their mother Catherine died seized of an undivided one-third of the property, the same being her distributive share under the statute. The defendants contend that the mother Catherine accepted the provisions of the will in her behalf and obtained the benefits therein provided for her, and that she did so intending to take under the will, and that she thereby elected to take under the will and was estopped thereby to claim a distributive share under the statute. The trial court found with the plaintiffs and entered decree accordingly. The defendants have appealed.—*Modified* and *Affirmed.*

*Leggett & McKemey, Walker & McBeth,* for appellants.

*Work & Irish,* for appellees.

EVANS, J.—John Donald died testate in June, 1899, and left surviving him his widow and six children. His property consisted in the main of a farm of 260 acres. At the time of his death his three sons were aged respectively thirty-eight, twenty-nine, and twenty-five. They were occupying and working the farm. For the last twenty years of his life the testator had been practically blind and had been quite dependent upon his sons for the operation of the farm. Each of them continued at home after arriving at majority without other compensation than board and clothes and a horse and buggy. About a year or two before his death the testator and his wife moved from the farm to town and there they continued until his death. The will of the testator gave to his wife a life estate in all the property and all the remainder to the sons subject to bequests of $1,000 each to be paid to the three daughters. Immediately after the death of the testator the widow moved back to the farm and lived there with her sons or some of them until the date of her death in January, 1913. For the greater part of this time one of the sons with his family occupied the old home and the other two sons built other homes near by upon the property for their own occupancy. She lived more or less in each home at different times, the sons at this time having families of their own. She appears to have been a useful if not necessary member of the household at each place. It so happened that the mother in each family was taken by death and that the vacant place was temporarily filled in each case by the grandmother. This is the general character of the testimony which is relied on to show that she went into the possession of her life estate under the will and received its benefits. The final contention (not made in their opening argument) for appellants is that the case is identical in its material facts with *Arnold v. Livingston*, 155 Iowa 601, and is ruled by the holding in such case. The holding in the cited case was that the fact of an election by the widow might be proved by other evidence than

1. WILLS : distributive share : benefits of will : election : evidence : sufficiency.

the record of the court and that such election could be thus made by the widow without waiting for the service of notice upon her. If the rule were otherwise and if it were legally impossible for a widow to elect except in the special manner pointed out in Code Sec. 3376, then she could never elect upon her own initiative but must always await the initiative of some other party in interest. Granting the rule as here stated it quite goes without saying that the evidence of such an election to take under a will in lieu of her distributive share should be clear and satisfactory. In the *Arnold* case such was the evidence. Such election was shown not alone by the declarations of the widow but also by the substantial fact that she took possession of the property devised to her for life and that she appropriated to herself its full benefits during her lifetime. This latter evidence was not only competent and persuasive of an intentional election but it had in it also elements of an estoppel.

The record before us contains evidence of many casual declarations of the widow to third parties to the effect that she had refused to contest her husband's will at the request of her daughters and that she was satisfied with her husband's will and that she wanted the property left as her husband had left it. Testimony of this nature is usually indefinite and unsatisfactory and the evidence before us is not an exception to such general rule. A court would not be warranted in resting title to property upon such testimony alone. It is contended however that this testimony is supplemented by the fact that the widow did enter into possession of the property under her life tenure and that she thereby took all the benefits of the will in her behalf. We think the evidence for the appellants fails at this point. She took possession of the land in no other sense than we have already indicated. She lived successively in the homes of her sons. She was not the head of the family though she served therein. She received no rents during the thirteen years. She did not in terms lease the farm to the sons. They simply farmed it. This they had a legal right to do either as tenants in common or as owners of the

land under the will subject to the setting off of the distributive shares. She undoubtedly consented to their use of all the land and was satisfied with the little she received. Their welfare was her chief interest and she willingly gave them the benefit of the entire estate. For herself she received practically nothing and spent even less. At the time of her death, less than $5 was attributed to her estate. True, her actual wants were provided for her, including an affectionate home, but we find nothing in the record by way of conduct or of benefits received which was in any way inconsistent with the right and claim of a distributive share.

It is urged that by her language and conduct she induced the sons to build houses upon the farm in the belief of their ultimate ownership. But her consent to such buildings and her encouragement was entirely consistent with their admitted ownership of a two-thirds interest in the farm.

There is some contention also that she assented to her husband's will at the time it was made and that the husband made the will to conform to her wishes at the time. It is clear

2. WILLS: made in terms as requested by wife: estoppel: distributive share.

however that no understanding with her husband during his lifetime could be effective to estop her from claiming her distributive share. To so hold would be to ignore Sec. 3154 of the statute which forbids that the interest of either husband or wife in the property of the other shall become the subject of contract between them. We hold therefore that the evidence in this record does not warrant the finding of an estoppel or of an actual election.

II. It appears from the testimony that the sons, John and Ed, erected improvements upon the property to the value and cost of not less than $1,500, and the son Ray erected

3. PARTITION: distributive but non-partitioned share of widow: improvements by heirs: credits.

improvements to a value and cost of not less than $400. The trial court ordered that these expenditures be allowed as a charge against the proceeds of the farm when sold to the amount of $1,000 each to John and Ed and $300 to Ray. From this order the plaintiffs also appealed.

The contention for the plaintiffs at this point is that the defendants built such improvements at their own risk and without any authority or agreement with their mother; whereas, the defendants contend that the testimony as to the amount of such expenditures was uncontradicted and that the court should have allowed the full amount thus proved. Taking up the plaintiffs' appeal first on this question we think no other conclusion can fairly be reached upon this record than that the buildings in question were erected with the knowledge, consent and encouragement of the mother and with the mutual understanding on her part and on theirs that it could be done without risk of loss on their part. We think therefore that the contention of the plaintiffs for the exclusion of these items should be denied.

We think also that in view of the fact that the testimony on the question was undisputed as to the amount expended, it ought to be determinative of the amount to be charged. The testimony was of a nature which could be readily contradicted if the claims were exaggerated. We discover no apparent reason why the amounts thus testified to should be thus scaled. The decree therefore ought to be modified at this point so as to allow $1,500 each to John and Ed and $400 to Ray.

III. Attorneys' fees were allowed to plaintiffs' attorneys under the statute to be charged to the estate as a whole. This order is challenged under the authority of *Hawk v. Day,* 148 Iowa 47. This action was and is essen-

4. PARTITION: title to property in issue: attorney fees: when allowed.

tially a contest over the title and is clearly ruled by the cited case. In that case we said:

"We regard it clear that, where the title to the property is put in issue, the legislature did not intend to impose the burden of paying any part of plaintiff's attorneys' fees upon the opposing parties who are represented by counsel of their own choosing. The only justification for the practice of assessing such fees is in the fact that in a very large proportion of partition cases there is no contest over propor-

tion of shares, and the proceedings are amicable in character because they afford in many instances the easiest and most expeditious means of segregating the interests of tenants in common, and the attorney who institutes the action is serving the defendants as well as the plaintiffs. Under such conditions it is entirely equitable to provide that the shares of all parties be made to contribute to the expense thus incurred for the common benefit. But where the title or right of a party to share in the property is wholly denied, or his share, if any, is made a matter of dispute, and each employs the service of counsel, it would be signally unjust to require such contribution."

It is clear from the foregoing that there should have been no taxation of attorneys' fees as costs against the estate. The decree will therefore be modified at this point also. In the respect indicated in this division and in the preceding one the decree entered below will be modified, and in all other respects will be affirmed.—*Modified* and *Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.