ELLA PHILLIPS, Appellant, v. HOWARD G. PHILLIPS et al., Appellees.

WILLS: Spouse as Devisee—Estoppel to Dispute Election. A widow who is given a life estate, subject to the payment of debts, and whose conduct for some three years following the probate of the will is

. unmistakably on the theory that she was taking under the will, is estopped to then shift her position to the prejudice of creditors and deny the effect of her acts; and this is true though she made no formal election under the statute.

Headnote 1: 40 Cyc. p. 1979.

Headnote 1: 29 A. L. R. 226; 28 R. C. L. 329.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

JULY 1, 1927.

Action for the setting off of a widow's distributive share in the lands of her deceased husband. The lower court decreed that she had elected to take a life estate in the land, under the will of the deceased, and denied the relief. The plaintiff appeals.—*Affirmed.*

*John A.* and *W. T. Guiher,* for appellant.

*Phil R. Wilkinson* and *Leo C. Percival,* for First National Bank of Winterset, appellee.

VERMILION, J.—The action is by a widow, for the setting off of her distributive share in the land left by her deceased husband. The husband died testate, seized of 160 acres of land. By his will, which was duly admitted to probate, he gave his widow, the plaintiff and appellant, a life estate in all his property, both real and personal, after the payment of his debts. The only question in the case arises between the appellant, who claims a right to, and that she did by the commencement of this proceeding, elect to take her distributive share, and the appellee First National Bank, a creditor of the estate, claiming that the appellant had previously elected to take under the will.

The case was tried below on the same evidence submitted in an action by the bank against the appellant on certain notes, which was before this court in *First Nat. Bank v. Phillips,* 203 Iowa 372.

The testator died in 1922. The controlling statute in force at that time was Chapter 192, Acts of the Thirty-eighth General Assembly. That statute was not, in any respect now important, essentially different from the prior statute, Section 3376, Code

Supplement of 1913. The present corresponding provisions are found in Sections 12006 *et seq.*, Code of 1924.

The appellant did not make in open court, or file, any formal election to take under the will, and no notice requiring her to make an election was served upon her by the executor or other interested person.

In *In re Estate of Emerson,* 191 Iowa 900, we had occasion to consider Section 3376, Code Supplement, 1913, and said:

"Under the present law, the widow may elect to accept under the provisions of the will at any time, and this fact may be established by any competent evidence. Such an election, therefore, need not be made within six months, nor is an election of record necessary, except as provided in Section 3376."

See, also, *Nick v. Nick,* 195 Iowa 351. Appellant might make a valid and binding election to take under the will, without doing so in open court or by a formal writing filed in court. Indeed, we do not understand appellant to contend otherwise. Her contention is that the facts shown do not establish such an election on her part.

It appears without dispute that, after the death of the testator, the appellant took possession of all the personal property on the farm and of the whole 160 acres, and used all of the property as her own. This was all of the property of the estate. She rented the land to one of her sons, and received all of the rent, not accounting to either of the children for any part of it. This arrangement continued from 1922 up to the commencement of the present proceeding, in 1925. We understand that none of the personal property was set off to her as exempt. She traded a car left by the testator for a new one, and sold one half of the personal property to one of her sons. Appellant claims that she so acted under an agreement with the appellee bank that, when the debts of the estate owed to others than the bank were paid, a second mortgage, subject to a prior mortgage of $9,600, should be given to the bank, to secure its claim; and that she used the rent and proceeds of the personal property to pay the other debts of the estate.

In 1922, shortly after the will was admitted to probate, the appellant and the executor of the estate, who was one of the sons, joined in an application to the court for an order authorizing the executor to borrow $6,000 and secure its payment by a sec-

ond mortgage on the land. In the application it was recited that by the will the appellant was given a life estate in all of the estate, and that on her death it was to go to the three sons. The other two sons accepted notice of the application, and the order prayed was made by the court. Nothing was done under this order, and the arrangement with the bank was not carried out, because of unpaid back interest on the first mortgage of $9,600. The appellant herself offered no explanation of the recitals in the application. The attorney who prepared it testified that she was not present when it was prepared, and, so far as he knew, had no knowledge of its allegations. She was, however, fully conversant with the plan to mortgage the land. Practically all of the claims filed against the estate, except that of the bank, have been paid.

There is in the record evidence of some declarations by the appellant that she did not intend to accept the will. They are contradicted by her acts in taking possession of all the real estate and personal property, and renting the former and disposing of the latter, as well as by the recitals in the application filed by her and the executor for authority to mortgage the land. The fact that she used the rents and the proceeds of the personal property and certain life insurance received by her on the death of the testator, in payment of debts of the estate, does not lend support to her contention; for her rights under the will were subject to the payment of the debts of the estate, while her interest in the real estate and the exempt personal property to which she would have been entitled under the law, would not have been subject thereto. The effect of the payment of these debts was to relieve her estate and interest in the property therefrom, if she took under the will. If she took under the law, however, the only effect was to reduce the indebtedness that would have to be paid by the remaining property after the exempt personal property and her distributive share in the real estate had been set off to her.

There is now no property of the estate but the land. It is incumbered by a mortgage for $9,600. There is no claim that the bank, practically the only unpaid general creditor of the estate, will not be prejudiced if the appellant is now permitted to reject the will and take her distributive share in the land, to include the homestead, free from debts, and with the right to

have the land outside the homestead first exhausted in payment of the mortgage.

We agree with the trial court that the evidence established an election on the part of appellant to take under the will. The facts so showing are much stronger than in *Berry v. Donald*, 168 Iowa 744, cited by appellant. She was fully informed as to the extent of the estate; her own testimony discloses that she was aware of her rights; and with this knowledge she must be said, we think, to have chosen, as between the two, the rights given her by the will. *Schubert v. Barnholdt*, 177 Iowa 232; *Arnold v. Livingston*, 157 Iowa 677; *In re Estate of Emerson*, supra.

The judgment is—*Affirmed.*

All the justices concur.