VICTOR PECKENSCHNEIDER, Appellant, v. LUCINDA SCHNEDE et al., Appellees.

No. 39849.

NOVEMBER 12, 1929.

REHEARING DENIED JUNE 23, 1930.

*Ruymann & Ruymann*, for appellant.

*Hoersch & Hoersch* and *Albert W. Hamann*, for appellees.

GRIMM, J.—On the 31st day of December, 1926, William Peckenschneider died, seized and possessed of certain real estate in Scott County, Iowa. He left surviving him his wife, Theresa Peckenschneider, and eight children, also five grandchildren, who were children of the deceased children of the said William Peckenschneider. One of these grandchildren, Victor Peckenschneider, the child of Theodore Peckenschneider, son of William Peckenschneider, is the plaintiff. The deceased William Peckenschneider, by the terms of his will, gave Theresa Peckenschneider, the surviving wife, a life estate in all he owned, "instead of dower and statutory rights." Detailed provisions were made for the distribution of the estate after the death of the surviving spouse. The surviving spouse, Theresa Peckenschneider, William Peckenschneider, and Emil Peckenschneider, were named as executors without bond.

The case was tried on an agreed statement of facts, entered into on October 6, 1928, the essential and more important parts of which are as follows:

It is admitted that the Peckenschneider will was admitted to probate on February 28, 1927, and that notice of the appointment of executors named in said will was posted on the same day in three public places in the city of Davenport, Iowa, as required by law. It is agreed that the deceased husband was, at the time of his death, the owner of the real estate set forth in the petition.

"It is further stipulated and agreed that William Pecken-

schneider and Emil Peckenschneider, mentioned as executors in the will of William Peckenschneider, were duly appointed such executors by the court on February 28, 1927, and that Theresa Peckenschneider, named as executrix in the will of William Peckenschneider, was not appointed by the court as such executrix;'' that Theresa Peckenschneider died on January 10, 1927, a widow, and left surviving her, numerous heirs named; ''and that the said Theresa Peckenschneider died without having filed an election in writing to take or reject the provision of said William Peckenschneider's will, and that no notice requiring her to so elect was ever served on her.''

The stipulation contains the further paragraph:

''It is further understood and stipulated that the only question now before the court in this case is whether Theresa Peckenschneider took under the will of William Peckenschneider, deceased, or whether she took her distributive share in his estate.''

I. It will be noted, at the outset, that the will in this case bequeaths a life estate to the surviving spouse; ''instead of dower and statutory right.''

Section 12006 of the Code of 1927 is as follows:

''*Dower right unaffected by will.* The survivor's share cannot be affected by any will of the spouse unless consent thereto is given as hereinafter provided.''

Section 12007 of the Code of 1927 is as follows:

''*Election between will and dower—notice.* Where a voluntary election to take or refuse to take under a will has not been filed by a surviving spouse within sixty days from the date when the will of a decedent has been admitted to probate, it shall be the duty of the executor appointed to administer the will of such decedent in this state, to cause to be served, in the manner required for service of original notice, upon the surviving spouse, a notice, in writing, advising such surviving spouse that the will of such decedent has been admitted to probate, stating the name of the court and the date when the will was admitted to probate, and requiring that such spouse, within six months after the completed service of such notice, elect whether he or she shall take or refuse to take under the provisions of the will of such dece-

dent, and that such election may be made in open court or by writing filed in such court."

Section 12010 of the Code of 1927 is as follows:

"*Election by law—exception.* In case such surviving spouse does not make such election within six months from the date of the completed service of such notice, or if such surviving spouse shall be the executor of the will and fails, within six months after the will is admitted to probate, to file with the clerk of the court an election to refuse to take under the provisions of the will of the deceased, it shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder; unless within such period of six months an affidavit should be filed setting forth that such surviving spouse is mentally incapable of making such election."

Section 12011 provides for election by the court in the event that an affidavit is filed, setting forth that the surviving spouse is mentally incapable of making the election.

These sections were the same in the Code of 1924.

It will be noted Section 12010 contains the phrase: "Or if such surviving spouse shall be the executor of the will." It may be said that the mere naming of the surviving spouse in the will as executrix does not bring her within the terms of said Section 12010 of the Code of 1927. She must at least be appointed, and accept the appointment, before the language applies to her.

In the case of *In re Estate of Culbertson,* 204 Iowa 473, filed October 18, 1927, the statutes of the state of Iowa pertaining to survivor's share and the effect thereon of wills are historically and exhaustively treated. It would serve no good purpose to attempt to add to that discussion. The court said:

"It is apparent from a perusal of the aforesaid statutes prior to 1873 that, when a will made provisions for the wife, it was controlling, unless the wife objected thereto and relinquished her dower. The Code of 1873, however, changed this rule, and made the dower right the primary right, regardless of the will, unless the widow consented to and accepted the terms of the will. Such is still the rule in this state."

There has been no change on the subject in the statutory

law of Iowa since the filing of said decision. It is determinative of this case. In the absence of a consent by the surviving spouse, or in the absence of the proceeding specified in Sections 12007 and 12010, the surviving spouse takes her survivor's share, and not under the will.

While, in the case at bar, the surviving spouse was named as one of the executors, she died before the will was admitted to probate, and consequently never became one of the executors. She did nothing towards accepting or renouncing under the will. We have solely the question whether, under such circumstances, she took the survivor's share, under the law, or a life estate, under the will. She might have elected to take under the will. If she had lived 60 days from the date when the will of the decedent was admitted to probate, it would have been the duty of the executors to serve notice upon the surviving spouse, as provided in Section 12007. Under such a notice, she would have been required to make her election within six months after the completed service of the notice, and under the provisions of Section 12010, if she failed within said six-months period of time to make her election under the will, it would become conclusively presumed that she consented to the provisions of the will, and elected to take thereunder, unless an affidavit should be filed, setting forth that such surviving spouse was mentally incapable of making such election. In that event, under the provisions of Section 12011, the court made the election for her.

The testator in this case died December 31, 1926. The surviving spouse died on January 10, 1927, and the will of the testator was admitted to probate on February 28, 1927. The surviving spouse died without having filed an election, in writing, to take or reject the provisions of the will, and no notice requiring her to so elect was ever served on her. She was not appointed an executrix of the will. There is a total absence of showing that she did anything that could be construed to mean an acceptance under the terms of the will. Therefore, she must be held to have died possessed of her survivor's share in the estate of her deceased husband. *In re Estate of Culbertson,* 204 Iowa 473. The trial court found otherwise.

The case must be, and is, reversed, with directions to the

lower court to distribute the estate in accordance with this finding.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, MORLING, and WAGNER, JJ., concur.