H. F. Hahn et al., Appellants, v. Joseph Dunn et al., Appellees.

No. 40400.

January 13, 1931.

*E. A. Johnson,* for appellants.

*Rhinehart & McLaughlin,* for appellees. .

Kindig, J.—On August 2, 1928, Clarence E. Hahn executed his last will and testament. So far as material, that instrument contained the following provisions:

"* * * I, Clarence E. Hahn, * * * direct:

"First: That all my just debts, including the expenses of my last sickness and funeral expenses, be paid out of my estate.

"Second: All the rest, residue and remainder of my property, personal, real or mixed, and of whatsoever kind and nature, I will and bequeath to my beloved wife, Katherine M. Hahn, absolutely and in fee simple."

Clarence E. Hahn, the aforesaid testator, died in Linn County December 30, 1928, survived by his wife, the above-named devisee, Katherine M. Hahn. Within three days thereafter, the devisee died, on January 2, 1929. No children survived the testator, Clarence E. Hahn. His will, previously set forth, was duly admitted to probate in the district court of Linn County. Jacob Manstrup and Sam James were appointed administrators with the will annexed. Katherine M. Hahn, the surviving wife of the testator, during her lifetime did nothing affirmatively indicating that she accepted the terms of her husband's will. At the time of his death, the testator owned 80 acres of land in Linn County and certain personal property. The plaintiffs-appellants H. F. Hahn and Philip Hahn are brothers of the testator, Clarence E. Hahn, and the plaintiff-appellant Ella Hoodmacher is his sister.

Like her husband before her, Katherine M. Hahn died testate. In her will, the defendants and appellees herein were named devisees and legatees. Hence, the contest here is between the husband's relatives, on the one hand, and the devisees and legatees under the wife's will, on the other.

Appellants contend that the wife, Katherine M. Hahn, did not elect to take the devise under her husband's will, and therefore she received only her statutory one-third distributive share in the said real estate. Furthermore, appellants claim that they are entitled to the other two thirds of such property. To obtain that two-thirds interest, the present proceedings were instituted by the appellants, wherein they ask that their title in and to the property be quieted in themselves, and that the land be partitioned accordingly. An attack was made upon appellants' petition filed for such relief, by a motion to dismiss. Appellees, under their motion to dismiss, insist that all the husband's property through the will was devised and bequeathed to the wife, and therefore the necessity of electing did not arise. Continuing their contention at this point, appellees argue that the provisions of the will must be inconsistent with the wife's statutory right, before she is required to elect between her distributive share and the devise in the will, and, there being no such incompatibility in the Clarence E. Hahn will, his wife need not elect. That, in a general way, suggests the conflicting views expressed by the litigants.

A solution of the problem thus presented will be found in the statutory provisions applicable, as interpreted by this court. Those statutory provisions, so far as material, are contained in the following sections of the 1927 Code:

"12006. The survivor's [surviving spouse's] share cannot be affected by any will of the spouse unless consent thereto is given as hereinafter provided.

"12007. Where a voluntary election to take or refuse to take under a will has not been filed by a surviving spouse within sixty days from the date when the will of a decedent has been admitted to probate, it shall be the duty of the executor appointed to administer the will of such decedent in this state, to cause to be served, in the manner required for service of original notice, upon the surviving spouse, a notice, in writing, advising such surviving spouse that the will of such decedent has been admitted to probate, stating the name of the court and the date when the will was admitted to probate, and requiring that such spouse, within six months after the completed service of such notice, elect whether he or she shall take or refuse to take under the provisions of the will of such decedent, and that such election may be made in open court or by writing filed in such court.

"12008. Said election, when made, shall be entered on the proper records of the court.

"12010. In case such surviving spouse does not make such election within six months from the date of the completed service of such notice, or if such surviving spouse shall be the executor of the will and fails, within six months after the will is admitted to probate, to file with the clerk of the court an election to refuse to take under the provisions of the will of the deceased, it shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder; unless within such period of six months an affidavit should be filed setting forth that such surviving spouse is mentally incapable of making such election."

Following the foregoing are provisions enabling those representing a mentally incapable spouse to make the necessary election for the incompetent.

When the gift provided by the husband's will is in lieu

of her distributive share, the wife must elect to take under the will, or the law decides that she retains her distributive share instead of the benefits provided for her in the will. *Ross v. Alleghany Theological Seminary,* 204 Iowa 648; *In. re Estate of Culbertson,* 204 Iowa 473; *Peckenschneider v. Schnede,* 210 Iowa 656. The *Peckenschneider* case is important in this discussion. Hence, an elaborate quotation is made therefrom. We, among other things, there said:

"In the case of *In re Estate of Culbertson,* 204 Iowa 473, filed October 18, 1927, the statutes of the state of Iowa pertaining to survivor's share and the effect thereon of wills, is historically and exhaustively treated. It would serve no good purpose to attempt to add to that discussion. * * * There has been no change on the subject in the statutory law of Iowa since the filing of said decision. It is determinative of this case. In the absence of a consent by the surviving spouse, or in the absence of the proceeding specified in Sections 12007 and 12010, the surviving spouse takes her survivor's share, and not under the will. While in the case at bar, the surviving spouse was named as one of the executors, she died before the will was admitted to probate, and consequently never became one of the executors. She did nothing towards accepting or renouncing under the will. We have solely the question whether, under such circumstances, she took the survivor's share, under the law, or a life estate, under the will. She might have elected to take under the will. If she had lived 60 days from the date when the will of the decedent was admitted to probate, it would have been the duty of the executors to serve notice upon the surviving spouse, as provided in Section 12007. Under such a notice, she would have been required to make her election within six months after the completed service of the notice; and under the provisions of Section 12010, if she failed within said six-months period of time to make her election under the will, it would become conclusively presumed that she consented to the provisions of the will, and elected to take thereunder, unless an affidavit should be filed, setting forth that such surviving spouse was mentally incapable of making such election. In that event, under the provisions of Section 12011, the court made the election for her. The testator in this case died December 31, 1926. The surviving spouse died on January 10, 1927, and the will

of the testator was admitted to probate on February 28, 1927. The surviving spouse died without having filed an election, in writing, to take or reject the provisions of the will, and no notice requiring her to so elect was ever served on her. She was not appointed an executor of the will. There is a total absence of showing that she did anything that could be construed to mean an acceptance under the terms of the will. Therefore, she must be held to have died possessed of her survivor's share [statutory distributive share] in the estate of her deceased husband.''

For all material purposes, the discussion in the *Peckenschneider* case applies with equal force and effect to the point now being considered in the case at bar. Said *Peckenschneider* decision, therefore, controls the proposition now under consideration.

An election may be made in writing or in open court, under Section 12007, above quoted; but that method of making an election, under some circumstances, is not exclusive. At least, if the foregoing statutory notice required by Section 12007 is not served as above authorized, the election may be evidenced by words or acts outside of court. Concerning this, we used the following language in *In re Estate of Culbertson* (204 Iowa 473), supra, on page 485:

''A careful reading of these various sections of the statute leads to the conclusion that a wife, under these circumstances, may voluntarily, or by acts, conduct, and words, consent [elect], even though no notice is served on her. In *Watrous v. Watrous*, 180 Iowa 884, at 899, we said: 'It was held in *Arnold v. Livingston*, 157 Iowa 677, that the fact of an election by the survivor might be proved by other evidence than the record of the court, and that such election could be thus made without waiting for the service of notice to elect. In *Berry v. Donald*, 168 Iowa 744, the court held that the evidence of such election to take under the will, in lieu of distributive share, must be clear and satisfactory.' ''

Yet a mere feeling of satisfaction with the husband's will, even if expressed by the wife, is not enough, unless clearly intended as an election on her part to take under the instrument. *In re Estate of Heuberger*, 191 Iowa 59. There is no evidence of any kind or nature in the case at bar, however, which shows

that Katherine M. Hahn elected to take the devise in her husband's will in lieu of her statutory distributive share. Nor can it be said, as a matter of law, that this wife so elected because she received all of the husband's estate, subject to the payment of his debts. Repeatedly it has been held that the statutory distributive share is the more worthy estate, because the surviving spouse receives it unencumbered by the decedent's debts. *In re Estate of Davis*, 204 Iowa 1231, 1233; *Herring v. Herring*, 187 Iowa 593; and the cases above cited. Reference is here made to the will above quoted, where it may be seen that the testator did not give his wife her distributive share plus the balance of his estate. Rather than so doing, the testator bestowed upon her the residue of his property after the debts and costs of administration were paid. Had she elected to take under the will, then she would have received something different and less "worthy" than her statutory distributive share. Such statutory distributive share can be held by a wife, regardless of her husband's debts; while, under the will in question, the debts might consume the entire estate, and leave the widow in poverty. Hereafter, further reference will be made to this thought, as the discussion progresses under another phase of the subject-matter.

Nothing, moreover, appears in the record before us to indicate what, if any, knowledge the surviving wife possessed concerning her husband's debts. For all that appears in the record, she may have believed during her lifetime that her husband's obligations would consume the proceeds of the entire estate. Unless it can be known what information, if any, the wife had concerning this subject-matter, even under appellees' theory we would not be justified in holding that she considered the devise in the will superior to that of a distributive share. Surely it cannot be presumed that the wife would surrender her statutory distributive share and accept a title less secure, unless greater benefits would accrue to her therefrom. No evidence, therefore, exists which in any way indicates that Katherine M. Hahn elected in writing or otherwise to accept the devise in her husband's will in lieu of her statutory distributive share. What here has been said is not intended as a suggestion that, in any event, the wife's knowledge (if she

could have such) that the husband left no debts, would, of itself, indicate an election to take under the will.

Under these circumstances, therefore, the wife took only the statutory distributive share, unless the facts give rise to a situation where it was not necessary for her to elect. Sometimes an election is not required, as recognized by Section 11847 of the 1927 Code. That section provides:

"Where the survivor is named as a devisee in a will, it shall be presumed, unless the intention is clear and explicit to the contrary, that such devise is in lieu of such distributive share, homestead, and exemptions."

Application of this statutory enactment was made in *Fay v. Smiley*, 201 Iowa 1290, wherein this court held that a devise of $1.00 did not raise the presumption that the testator intended the gift to be in lieu of the statutory distributive share. Likewise, this court has held that, if the will reserves the statutory distributive share, and gives the surviving spouse that which would be received under the statute relating to intestacy, an election is not essential. *Tennant v. Smith*, 173 Iowa 264; *Herring v. Herring* (187 Iowa 593), supra. These principles, however, are not applicable to the facts in the case at bar. Here, the testator gave his wife, under the will, title less "worthy" than that relating to her statutory distributive share. By the will, as before indicated, the testator bestowed upon the surviving wife "the rest, residue, and remainder" of his property left after the payment of the debts, including the expenses incident to the last sickness and funeral. Should those debts and expenses exceed the entire value of the testator's property, the wife, as previously stated, would receive nothing under the will. On the other hand, this surviving spouse may keep her statutory distributive share in the real estate free and clear of the husband's debts. An illustration of this thought can be found in the following excerpt taken from our recent case of *In re Estate of Davis* (204 Iowa 1231), supra, page 1235:

"We need consider but one feature of this devise [the one in the *Davis* case], though there are others that would bear interesting discussion. It will be noted that the devise awards to the wife one third of the net estate, subject to the payment of the obligations of the estate. If the estate consisted wholly

of personalty, this would be in accord with the statutory provision. In so far as real estate was involved, it was not in accord with the statutory provision. When the will was made, the property of the testator consisted in the main of his half-section farm and the residence property comprising five acres in town. The wife's right of distributive share in such real estate would not be subject to the payment of debts."

Then it cannot be said that, by giving the entire estate to the wife, the husband absolved her from the duty of electing, before she received through the will, rather than under the statute. Inconsistency appears, under the facts here presented, between the devise in the will and the statutory distributive share. Those property rights, as indicated, are separate and distinct. They are not parallel, under the facts in this record; for, under the one, the wife might be penniless, because her husband's creditors would consume his entire estate, while, under the other, she could, as against such claimants, own and possess one third of the property, regardless of the testator's insolvency. Appellees rely at this juncture upon the following authorities: *Bulfer v. Willigrod,* 71 Iowa 620; *In re Will of Foster,* 76 Iowa 364; *Bentley v. Bentley,* 112 Iowa 625; and similar cases. The cases just cited were decided under statutes containing different legislative provisions from those set forth in Section 11847 of the 1927 Code, previously quoted. As will be noted, the present statutory provision contains the thought that the devise is in lieu of the statutory distributive share. Formerly that was not the law. Before the Codes of 1927 and 1897, the presumption was that the devise in the will was additional to the statutory distributive share. Consequently, the opinions upon which appellees rely followed the old statutory provisions, and therefore become inapplicable under the new legislation. To illustrate, in McClain's Revised Statutes of 1888, Section 3522 contains the following:

"Any person of full age and sound mind may dispose, by will, of all his property except what is sufficient to pay his debts, or what is allowed as a homestead, or otherwise given by law as privileged property to his wife and family."

So, too, a similar provision was contained in Section 2322

of the 1873 Code. When construing those statutes, we said, in *In re Will of Foster* (76 Iowa 364), supra, on page 369:

"* * * the presumption is that the husband, when he makes a bequest to her [his wife] of property of that character [life estate], intends to bestow some interest in addition to the interest which she already possesses; or, in other words, the presumption in such case is that he intends to bequeath only such interests as he has the power to dispose of."

That doctrine, however, has become obsolete under the new legislation, commencing with Section 3270 of the 1897 Code, and now appearing in Section 11847 of the 1927 Code. As previously stated, Section 12006 of the 1927 Code, now superseding the former statutes, declares that:

"The survivor's share cannot be affected by any will of the spouse unless consent thereto is given [in the manner hereinbefore indicated]."

Supplemental thereto, and connecting with the thought therein expressed, is the aforesaid Section 11847 of the 1927 Code, changing the former rule under the previous statutes, as follows:

"Where the survivor is named as a devisee in a will, it shall be presumed * .* * that such devise is in lieu of such distributive share, homestead, and exemptions."

Therefore, the new statutes set forth in Section 3270 of the 1897 Code and Section 11847 of the 1927 Code in effect declare that the presumption shall be contrary to the former holdings of this court under the prior legislation. Because of the new legislation, an election is essential when there is an inconsistency between the devise under the will and the statutory distributive share. There being an inconsistency, as before indicated, Katherine M. Hahn, who did not elect to take under her husband's will, received the statutory distributive share, and nothing more or less. *In re Estate of Culbertson* (204 Iowa 473), supra; *Peckenschneider v. Schnede* (210 Iowa 656), supra.

Under her will, then, the devisees and legatees receive the property of which she died seized, which would be, under the record, the one-third statutory distributive share in the real

estate of her husband, Clarence E. Hahn. Appellants, therefore, if they prove the allegations of their petition, are entitled to the remaining two thirds of the land in question, subject to the testator's debts and the costs incident to executing his will. Failure of the district court to recognize the foregoing principles underlying the interest claimed by appellants in the property of the testator, Clarence E. Hahn, amounts to reversible error. Necessarily, then, the appellants' petition, setting forth the foregoing facts, is sufficient to enable them to recover said two thirds of the Clarence E. Hahn property, provided that the allegations in the pleading are sustained by necessary evidence at a trial in the district court. The motion to dismiss filed by appellees should have been overruled, rather than sustained.

Wherefore, the judgment of the district court must be, and hereby is, reversed.—*Reversed.*

FAVILLE, C. J., and EVANS, STEVENS, DE GRAFF, ALBERT, MORLING, WAGNER, and GRIMM, JJ., concur.