H. F. HAHN et al., Appellants, v. JOSEPH DUNN et al., Appellees.

No. 41611.

APRIL 4, 1933.

REHEARING DENIED JUNE 23, 1933.

E. A. Johnson, for appellants.

Crissman, Linville & Bleakley, for appellees.

STEVENS, J.—Clarence E. Hahn died testate on or about December 31, 1928, devising all of his property to his wife, and his will was admitted to probate January 14, 1929. His surviving widow, Katherine M. Hahn, quickly followed him, dying on January 2, 1929, also testate. The will of Clarence E. Hahn is dated August 21, 1928, and the will of Katherine January 2, 1929. Appellants are collateral heirs of the husband.

Two propositions are argued by appellants for reversal, one that Katherine Hahn, the surviving widow, never at any time elected

to take under her husband's will by following either of the methods provided by statute, and the other that she never in fact in any other way or form at any time made such election.

It is provided by section 12006 of the Code of 1931 that "the survivor's share cannot be affected by any will of the spouse unless consent thereto is given as hereinafter provided."

It is provided in the succeeding section that, if the surviving spouse has not within sixty days from the day on which the will of a decedent has been admitted to probate elected to take thereunder, it shall be the duty of the executor to cause a notice to be served upon such surviving spouse advising her of the admission of the will to probate and requiring that such spouse, within six months after completed service, to elect whether she will take or refuse to take under the provisions of the will of such decedent. Such election, under this statute, may be made in open court or by writing filed in the clerk's office. The surviving spouse did not voluntarily in writing elect to take under the will, and it was impossible for her to appear in open court for that purpose. In fact, as already appears, the will of the husband was not admitted to probate for several days after her death.

The question as to whether an election may be made in any other form or method than that provided by statute has been discussed in many decisions of this court, and little need be said on this point. From time to time changes have been made in our statute. These are set out with considerable fullness in In re Estate of Culbertson, 204 Iowa 473, 215 N. W. 761. What has been previously said in our decisions sufficiently disposes of the first proposition relied upon for reversal.

The statutory method is not exclusive, and an election need not be made within six months, nor is it necessary that same be made in open court or of record by either of the methods designated by the statute. Phillips v. Phillips, 204 Iowa 78, 214 N. W. 548; Peckenschneider v. Schnede, 210 Iowa 656, 227 N. W. 335; Hahn v. Dunn, 211 Iowa 678, 234 N. W. 247. This case was disposed of on the former appeal on a motion to strike. The evidence was not before us.

II. So far as direct proof on the point is concerned, there is nothing in the record to indicate that the surviving spouse in this case ever knew that an election or consent to take under the will was necessary. There is, however, abundant, competent evidence that she intended, by her will, to devise and bequeath all of the estate

devised to her by her husband. The will executed by him gave her all of the property, real, personal, and mixed, of which he was possessed absolutely, subject only to his debts. The only debts owing by him at the time of his death were those for his last sickness. The remaining debts consisted entirely of his funeral expenses. This fact she well knew. Testatrix appears to have realized that death was rapidly approaching, and she stated to nurses, attendants in the hospital, and friends that it was her purpose and intention to dispose of all of the property of her husband's estate, and that in doing so she was acting in pursuance of a mutual understanding between them. There can be no doubt from the record that she believed that she was the owner and possessed of the property devised by her husband's will, which consisted of eighty acres of land and considerable personal property, and that she had a right to dispose thereof. The effect of her acts and conduct leads indubitably to the conclusion that she desired to carry out the prior mutual understanding and to dispose of all of the property covered by the will of her husband. This was her only reason for making a will at all. Otherwise, she had no property to dispose of. A scrivener, designated by her and called to the hospital at her request, prepared the document. Her mind was clear, and there is not a suggestion of any improper influence. What she did was voluntary on her part and with a complete understanding of the condition of his estate. Clarence E. Hahn died without issue, and an election by his surviving spouse to take under the will in any of the methods recognized by law would have operated to cut off his relatives. We think an election so to take was clearly proven. This is the logical inference from what she said and did.

No other propositions are discussed by counsel. The judgment and decree of the court below is accordingly affirmed.—Affirmed.

KINDIG, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.