G. G. HOSKIN, Administrator, Appellee, v. GILBERT R. WEST, Administrator, et al., Appellants.

No. 44553.

March 14, 1939.

Rehearing Denied June 23, 1939.

Garrett & Elson and E. E. Poston, for appellants.

Emmert, James & Lindgren, D. L. Murrow, and T. W. Miles, for appellee.

Hale, J.—In the year 1918 one Thaddeus Simmons died testate. His will was duly filed for probate and his estate administered and final report filed therein. After providing for payment of debts, the second paragraph of the will is as follows:

"I give, devise and bequeath unto my beloved wife, Olive Simmons, all my property of which I may die seized, of every kind and character, and wherever the same may be situated, to have and to hold the same for her natural life, she to have all rents, profits and income arising from the same during her natural life and if the rents, income and profits arising from my said property are insufficient for the support of my said wife, then it is my will that she shall have a right to dispose of any part or all of my said property for her proper and necessary support."

Paragraphs 3 and 4 provide for certain monuments to be erected, and for the disposition of the residuary estate after the death of the wife. His wife, Olive Simmons, was nominated executrix without bond. She took charge of the estate but the estate was not closed during her lifetime. She continued in charge until her death on November 11, 1935. After her death, and on January 7, 1936, Gilbert R. West was appointed administrator with will annexed of the estate of Thaddeus Simmons.

The widow, Olive Simmons, died intestate, and Samuel Black was appointed administrator of her estate November 21, 1935. A number of claims were filed against her estate, but

the inventory shows a total estimated value of $369.50. Final report of the administrator, which was dated May 4, 1937, was approved June 4, 1937, and the administrator discharged. Such report shows only the total receipts of $433.25, payment of costs, and a pro rata payment to various preferred claimants, and some small fourth-class claims which were not paid on account of lack of funds.

On November 13, 1935, a partition proceeding was brought by Delilah Black, one of the heirs having an interest in the real estate, against Samuel Simmons and others. Notice was duly served on the parties in interest and on January 27, 1936, a decree in partition was filed in the usual form and Gilbert R. West appointed as sole referee for the purpose of sale.

The said Thaddeus Simmons left only two parcels of real estate, one being a fractional quarter-section of land, and the other a town property in Corydon. The town property was sold and deed approved in June 1936. On February 27, 1937, the quarter-section of land, in section 22, township 27, range .21, Wayne county, was sold by the referee and deed approved.

On April 3, 1937, an order was filed authorizing Gilbert R. West, as referee, to pay to himself as administrator of the estate of Thaddeus Simmons, $1,000, to be held by said administrator for the purpose of paying claims then filed against the estate of Thaddeus Simmons, court costs, and other claims.

After the death of Olive Simmons, plaintiff's decedent, Innist Marie Hoskin, filed a claim in the estate of Thaddeus Simmons for the sum of $220, with interest, for care, nursing, and keep of Olive Simmons, the widow of Thaddeus Simmons; and in said claim it was stated that said services were rendered from October 1, 1933, to March 26, 1934, at the rate of $10 per week, with a credit of $10. Some time after filing this claim the said claimant died and the present plaintiff, as administrator of her estate, brought this action. The effect of the filing of this claim is one of the matters of dispute in the present action.

It may be well at this time to note the disposition of this claim. No ruling was made in relation to it until August 30, 1937, when, in an opinion filed by the Honorable H. H. Carter, judge of the third judicial district, the same was refused. In this opinion, however, the reasons are given. As stated in this opinion:

"As the Court understands, no claim was filed by the claimant against the estate of Olive Simmons, but the claim was filed in the estate of Thaddeus Simmons, deceased. The court believes that under the record claimant did perform certain services for Olive Simmons at her home in Des Moines for a certain period of time, as claimed, and that those services were of value to Olive Simmons. Those services were rendered after the death of Thaddeus Simmons, so that under ordinary circumstances no claim could be filed against the estate of Thaddeus Simmons for they were not services rendered to him or his estate."

Other parts of the opinion have reference to the will. In the concluding part of the opinion the court disallows the claim, but uses the following language:

"The Court believes that under the record in this case and under the proper construction of paragraph two of said will that claimant is not entitled to establish her claim against the estate of Thaddeus Simmons. The Court believes that she performed services for Mrs. Simmons which were valuable, and if the Court could find that under the record in this case the estate of Thaddeus Simmons was liable therefor he would be glad to do so. But as he believes a proper construction of the paragraph under which claimant claims does not entitle her to establish a claim against the estate of Thaddeus Simmons for the services rendered to Mrs. Simmons after his death, he must find against claimant.

"The Court, therefore finds and holds that claimant is not entitled to establish her claim against the estate of Thaddeus Simmons, deceased."

The foregoing history of the estates may tend to make clear the matters involved in the present action.

On October 12, 1937, the plaintiff-appellee filed a petition in equity in the district court of Wayne county, setting out most of the above facts and seeking to have established the claim of his decedent Innist Marie Hoskin for the same services, covering the same dates and with the same $10 credit, but alleging that the services were worth $25 per week instead of $10 as in the original claim, and the amount claimed in this proceeding was $565. He asked to have this claim established against the

real estate left by Thaddeus Simmons and to have impressed upon such real estate the lien of the claim, and for general equitable relief.

A number of amendments were filed to the petition, and to the answer. Such amendments to the petition set out a promise of the deceased Olive Simmons and her representation that she had power to sell and dispose of the real estate, and asked that plaintiff be subrogated to the rights of Olive Simmons in the Thaddeus Simmons real estate; and added two counts, one of which alleged a contract with the deceased Olive Simmons and plaintiff's decedent, and the third count alleged that Olive Simmons, having never made any election to accept under the will, was entitled to one third of the real estate of her deceased husband Thaddeus Simmons. The answer, with amendments, consisted of a general denial, with some admissions, setting up the claim of res adjudicata and estoppel. Defendants further alleged that the petition failed to state a cause of action and that the facts alleged are not sufficient.

Under the pleadings filed the cause came on for trial and at the conclusion of the trial the court rendered an opinion, and later, on January 28, 1938, signed a decree sustaining the claim of plaintiff to the amount of $520, giving judgment in rem against the real estate and directing the referee in the partition case above referred to to pay such sum to plaintiff out of the proceeds of the real estate, and making the judgment rendered a lien upon the real estate.

From the ruling of the court and the decree rendered, defendants appeal.

The plaintiff did not urge the right of the widow to one third of the property on the theory that she had never made an election; and this question was not ruled on by the district court, nor is it urged here. Under the circumstances, the widow elected to take under the will and her interest in the real estate is that which was given her by paragraph 2 of the will. In re Estate of Culbertson, 204 Iowa 473, 485, 215 N. W. 761; Hahn v. Dunn, 216 Iowa 637, 247 N. W. 672, and cases cited.

Various errors are relied upon by the defendants, said defendants arguing that the facts alleged in the petition both fail to show a cause of action and are not sufficient to entitle plaintiff to the relief asked; that the court erred in construing the will for the reason that it was unambiguous; that there

was no evidence sufficient to entitle the plaintiff to judgment and prior adjudication on the claim in question; and failure of the court to sustain the defense of estoppel.

I. The defendants contend that the plaintiff failed to plead facts entitling him to any relief. A motion to dismiss was overruled by the court, and defendants devote considerable time to argument on the construction of the will, and complaint is made as to the court's right to construe the will.

This is not a suit for construction, nor do we think it was so regarded by the district court. It is true that a will which in plain and uncertain terms makes disposition of property is one which needs no construction. The word "construction" was used in the opinion of the court, but we think not in such a manner as to indicate that the court held this action to be for that purpose.

As to the question of there being sufficient facts pleaded, we think with the trial court that the pleadings and evidence in the case were sufficient to warrant its submission.

The deceased Olive Simmons had full authority under paragraph 2 of the will to dispose of the farm for proper and necessary support; and plaintiff in this case asks that that should be done which under the will the widow had a right to do, and which in the contemplation of the testator was intended—that is, that provision should be made, within the limits of the value of the real estate, for the care and maintenance of the widow during her life. This provision of the will is quite clear and there could be no mistake as to its terms. The duty of the district court was not to place construction upon the will, but merely to carry out its evident terms and intent. In any event, we feel impelled to hold with the court that the real estate, burdened as it was with the care and support of the widow, would be subject thereto. We believe it can make little difference whether a complete sale was carried out by the widow, if it was established not only by the intent of the testator as is shown in the will, but by the acts, conduct, and language of the widow, that the land was to be used for the purposes intended.

II. It is urged by the defendants that the district court wrongfully decided the case, for the reason that there is no sufficient competent evidence to entitle the plaintiff to recover. That the record does show a great deal of incompetent evidence

is true, arising in part from the fact that the parties at the beginning of the trial agreed that all evidence be taken and introduced subject to any and all objections for the purpose of saving time in making objections, going further than in ordinary equity procedure in the district court. However, there is to our minds ample evidence to support the claim, not only as to the care and keep of the elderly widow but also as to statements made by her. This testimony was given by neighbors and friends, by the doctor who was called at various times, as well as by the claimant. Perhaps very little of the claimant's testimony is admissible under Code section 11257. The physician testified in part that Olive Simmons stated to the effect that she intended to sell her farm in order to get money to pay for her care, that she was going to sell it to raise money for her care and keep; and this is substantially the testimony of the neighbors. This testimony is uncontradicted, and we feel that these statements show an evident intention to use the real estate in the manner provided for in the will and as intended by the deceased husband.

Regarding this as established, we feel that the fact that she did not live to carry out and complete the arrangements she had contemplated does not prevent the application of the proceeds of the real estate from being used according to the intent of all the parties having an interest therein prior to the time of the death of the widow.

The claim made in this equity proceeding is for a greater amount than was demanded in the claim filed against the estate. We do not regard this as important or as showing bad faith on the part of the claimant, nor is it so contended. The testimony of witnesses uncontradicted showed that the claim herein made is reasonable, and it is not unusual in actions at law or in equity to increase the amount claimed by amendment or on a second trial.

III. As to the question of prior adjudication: Unquestionably if an action has once been before the court, between the same parties and on the same state of facts, and a trial had on the merits, the parties thereto cannot again be brought into court, and the prior judgment is conclusive. If, on the same state of facts and on its merits, a decision is rendered at law, it would be a bar to a subsequent action in equity, and vice

versa. 34 C. J., p. 882, sec. 1290; Madison v. Garfield Coal Co., 114 Iowa 56, 86 N. W. 41.

The relief sought in this action could not have been granted by a probate court. This is a matter which arose after the death of Thaddeus Simmons, and is based upon the right of his widow to dispose of the real estate for her own purposes. Thus all the right which the claimant has in the present proceeding must be through the interest that Olive Simmons had in the real estate of her deceased husband. It is not only the adjudication as to the claim which is sought here, but the right to recourse on the real estate of Thaddeus Simmons is a matter of equitable cognizance and could not have been heard in the probate court.

The claim was tried before Judge Carter and the opinion, portions of which were heretofore given, indicates, not that the ruling was made on the merits of the case, but rather that the claim could not be established against the estate of Thaddeus Simmons. The reasons given, as indicated, were that the services were rendered after the death of Thaddeus Simmons and would not properly be a claim against his estate; but the court did find that certain services were performed. The judge in his opinion in no place indicated that plaintiff's decedent was not entitled to payment, but held that her claim could not be allowed for the reasons given. It is doubtful that this can be called a trial upon the merits. There is no doubt that an adjudication which is not upon the merits of the case does not bar such action where a full hearing is had. See Miller v. Incorporated Town of Milford, 224 Iowa 753, 761, 276 N. W. 826, 830, 114 A. L. R. 1423, wherein it is said:

"No judgment on the merits was rendered in the federal suit. The plaintiffs in the case at bar are limited only by the issues actually decided in the federal case."

To the same effect see Corwin v. Wallace, 17 Iowa 374; Trescott v. Barnes, 51 Iowa 409, 1 N. W. 660. Holding as we do, that there was no hearing on the merits, and the issues not the same, we find that there was no former adjudication. See cases cited above, and Drake v. Vorse, 42 Iowa 653; 34 C. J., pp. 893, 894, sec. 1300; Bristow v. Lange, 221 Iowa 904, 266 N. W. 808, and cases cited therein.

IV. The view we take as to the defense of res adjudi-

cata renders it unnecessary to discuss to any extent the question of election. We hold that the filing of the claim was not a bar to a subsequent action in equity, and this court has held that the doctrine of election of remedies has application only to inconsistent remedies. Sackett v. Farmers State Bank of Boone, 209 Iowa 487, 491, 228 N. W. 51. Since the remedies are not inconsistent, the plaintiff by mistaking his right is not barred from proceeding on the correct theory as to his remedy. Therefore, there would be no waiver of his right by filing the claim which was afterwards disallowed.

This question was raised in the case of Diagonal State Bank v. Nichols, 219 Iowa 342, 345, 258 N. W. 700, 702:

"The question is raised that the plaintiff filed its claim with the administrator of the Mary E. Nichols estate. This was not inconsistent with the filing of the petition. It was simply an attempt to fasten the part of the security the bank had other than the charge made upon the estate of John Nichols. Under our probate law the claim was filed in the Mary E. Nichols probate proceedings to establish it as a claim that might be paid out of the assets of that estate. And undoubtedly the bank had the right as all creditors have to resort to all the security it has."

The record of the Olive Simmons estate shows that it would have availed the claimant nothing to have filed the claim against the estate of Olive Simmons.

There was not an election of remedies here so as to bar the present action.

While we hold that the court was right in establishing the claim made by the plaintiff against the proceeds of the land, yet the decree of the district court goes further than could be claimed. We feel that the plaintiff is entitled to have his claim paid out of the net proceeds of the real estate, which it appears from the decree and record has been partitioned and sold under contract and that said contract is held by the referee in the partition case; and that the net proceeds of said real estate when sale is completed under the provisions of the decree in the partition case, after the payment of costs and expenses of the partition proceeding, or so much of such net proceeds as may be necessary, shall be applied by the referee upon the judgment rendered in this proceeding; and that the costs of

this proceeding be taxed against the proceeds of said real estate and the defendants in this action.

To the extent of making the judgment of.the court a lien against the net proceeds only, the decree of the district court is modified.

This claim has been presented to us on an abstract not in conformity with the rules. laid down by this court. The result has been that it has required a great deal more labor to arrive at the facts than is justified. There have been several duplications in the abstract which were not necessary; and our special difficulty in following the large abstract has been that it is not properly indexed as required by Rule 18, which states that all exhibits must be referred to in the index by letter or number and that a brief description of each exhibit shall be included therein. This description was omitted, necessitating considerable work in the examination of the abstract.

We have examined all the complaints made of the holding of the district court, and feel impelled to hold that the ruling of the court should be affirmed as herein modified.—Modified and affirmed.

MITCHELL, C. J., and STIGER, HAMILTON, BLISS, OLIVER, and MILLER, JJ., concur.